1  ELAINE K. KIM (SBN 242066)
      ekk@msk.com
2  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
3  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  Attorneys for Defendants Sony Pictures
   Entertainment Inc., Sony Pictures Television
6  Inc., NBCUniversal Media, LLC, and Kripke
   Enterprises
7

8              UNITED STATES DISTRICT COURT

9         CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11  BRYAN ZACK MASON,                    CASE NO. 2:21-cv-03786-FLA (JCx)

12            Plaintiff,                 Honorable Fernando L. Aenlle-Rocha

13       v.                              **NOTICE OF MOTION AND
                                         MOTION OF DEFENDANTS SONY
14  SONY PICTURES                        PICTURES ENTERTAINMENT
    ENTERTAINMENT INC., SONY             INC., SONY PICTURES
15  PICTURES TELEVISION INC.,            TELEVISION INC.,
    NBCUNIVERSAL MEDIA, LLC,             NBCUNIVERSAL MEDIA, LLC,
16  AND KRIPKE ENTERPRISES,              AND KRIPKE ENTERPRISES TO
                                         DISMISS THE COMPLAINT WITH
17            Defendants.                PREJUDICE PURSUANT TO
                                         FEDERAL RULE OF CIVIL
18                                       PROCEDURE 12(B)(6);
                                         MEMORANDUM OF POINTS AND
19                                       AUTHORITIES**

20                                       [Request for Judicial Notice;
                                         Declaration of James Berkley; Notice of
21                                       Manual Filing of Exhibits to RJN; and
                                         [Proposed] Order filed concurrently
22                                       herewith]

23                                       Date:    July 16, 2021
                                         Time:    1:30 p.m.
24                                       Ctrm:    6B

25                                       Date Filed:  May 4, 2021
                                         Trial Date:  None
26

27

28

## NOTICE OF MOTION

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on July 16, 2021, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Fernando L. Aenlle-Rocha in Courtroom 6B, located at 350 W. 1st Street, Los Angeles, CA 90012, in person or via Zoom as the Court instructs, Defendants Sony Pictures Entertainment Inc., Sony Pictures Television Inc., NBCUniversal Media, LLC, and Kripke Enterprises (collectively, "Defendants") will and hereby do move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing Plaintiff Bryan Zack Mason's Corrected Complaint (Dkt. 17) ("Complaint") in its entirety, with prejudice.

Plaintiff's Complaint purports to assert one count for copyright infringement, alleging that the television series *Timeless* infringes the copyrights in Plaintiff's three novels ("Plaintiff's Books" or "Books"). This Motion is made on the grounds that the Complaint fails to plead a claim for relief: (1) against any Defendant, because the works at issue—which are properly considered in assessing the legal sufficiency of Plaintiff's claim under Rule 12(b)(6) pursuant to the incorporation-by-reference and judicial notice doctrines—establish that they are, as a matter of law, not substantially similar in protected expression under the Ninth Circuit's extrinsic test; (2) against any Defendant, for the additional reason that Plaintiff has failed to plead facts plausibly showing that Defendants had access to Plaintiff's Books prior to the creation of *Timeless*; and (3) against Defendants Sony Pictures Entertainment Inc. and NBCUniversal Media, LLC for the further reason that Plaintiff has failed to plead facts plausibly showing that they engaged in any allegedly infringing conduct relating to *Timeless.*

The Complaint should be dismissed with prejudice, as amendment would be futile. No further allegations could alter the contents of the works or the dispositive deficiency that *Timeless* is, as a matter of law, not substantially similar to

1   Plaintiff's Books in protected expression.

2       This Motion is based upon this Notice of Motion; the attached Memorandum

3   of Points and Authorities; the concurrently filed Request for Judicial Notice and

4   exhibits hereto; the concurrently filed Declaration of James Berkley in Support of

5   the Request for Judicial Notice; the Notice of Manual Filing; all pleadings and

6   other records on file in this action; any other matters that may be judicially noticed;

7   and such further evidence and arguments as may be presented at or before any

8   hearing on this Motion.

9       This Motion is made following the conference between counsel pursuant to

10  L.R. 7-3, which took place on May 27, 2021. The parties were unable to reach a

11  resolution which eliminated the necessity for a hearing.

12  DATED: June 11, 2021          MITCHELL SILBERBERG & KNUPP LLP

13

14                        By: /s/ Elaine K. Kim

15                            Elaine K. Kim
                             Attorneys for Defendants
16                           Sony Pictures Entertainment Inc., Sony
                             Pictures Television Inc., NBCUniversal
17                           Media, LLC, and Kripke Enterprises

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 10

I.      INTRODUCTION ............................................................................................. 10

II.     THE COMPLAINT AND THE WORKS AT ISSUE ................................... 11

        A.      *Timeless* ................................................................................................. 11

        B.      Plaintiff's Three Books, *Shift*, *Chase*, and *Turn* ................................ 14

III.    LEGAL STANDARDS ..................................................................................... 16

IV.     PLAINTIFF CANNOT STATE A CLAIM FOR RELIEF BECAUSE
        THE WORKS ARE NOT SUBSTANTIALLY SIMILAR ......................... 19

V.      PLAINTIFF HAS FAILED TO PLEAD OTHER ELEMENTS ................. 33

VI.     AMENDMENT WOULD BE FUTILE ........................................................ 34

Mitchell
Silberberg &
Knupp LLP

13151315.8

**DEFENDANTS' 12(B)(6) MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE**

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

## CASES

*Abdin v. CBS Broad. Inc.*,
   971 F.3d 57 (2d Cir. 2020) ................................................................25

*Abdullah v. Walt Disney Co.*,
   2016 WL 5380930 (C.D. Cal. Mar. 14, 2016),
   *aff'd*, 714 F. App'x 758 (9th Cir. 2018) ...........................................17

*Anderson v. Paramount Pictures Corp.*,
   617 F. Supp. 1 (C.D. Cal. 1985) ........................................................20

*Arden v. Columbia Pictures Indus., Inc.*,
   908 F. Supp. 1248 (S.D.N.Y. 1995) ...................................................26

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...........................................................................16

*Astor-White v. Strong*,
   2019 WL 3017684 (C.D. Cal. June 14, 2019),
   *aff'd*, 817 F. App'x 502 (9th Cir. 2020) ...........................................17

*Basile v. Sony Pictures Entm't Inc.*,
   2014 WL 12521344 (C.D. Cal. Aug. 19, 2014),
   *aff'd*, 678 F. App'x 473 (9th Cir. 2017) ......................................18, 22

*Beal v. Paramount Pictures Corp.*,
   20 F.3d 454 (11th Cir. 1994) .......................................................27, 28

*Benay v. Warner Bros. Entm't, Inc.*,
   607 F.3d 620, 625 (9th Cir. 2010),
   *overruled on other grounds by Skidmore v. Led Zeppelin*,
   952 F.3d 1051 (9th Cir. 2020) .....................................................19, 24

*Berkic v. Crichton*,
   761 F.2d 1289 (9th Cir. 1985) .....................................................19, 20

*Cavalier v. Random House, Inc.*,
   297 F.3d 815 (9th Cir. 2002) ...............................................20, 23, 30

*Christianson v. W. Pub. Co.*,
   149 F.2d 202 (9th Cir. 1945) .............................................................17

Mitchell
Silberberg &
Knupp LLP

13151315.8

5

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Davis v. Am. Broad. Cos.*,
2010 WL 2998476 (W.D. Mich. July 28, 2010) ..........................................28, 32

*DuBay v. King*,
366 F. Supp. 3d 1330 (M.D. Fla. 2019),
*aff'd*, 844 F. App'x 257 (11th Cir. 2021) ...........................................................29

*Edwards v. Cinelou Films*, *LLC*,
2016 WL 9686986 (C.D. Cal. June 22, 2016),
*aff'd*, 696 F. App'x 270 (9th Cir. 2017) .............................................................18

*Eldred v. Ashcroft*,
537 U.S. 186 (2003) ........................................................................................18

*Esplanade Prods., Inc. v. Walt Disney Co.*,
2017 WL 5635027 (C.D. Cal. Nov. 8, 2017),
*aff'd*, 768 F. App'x 732 (9th Cir. 2019) .............................................................17

*Feldman v. Twentieth Century Fox Film Corp.*,
723 F. Supp. 2d 357 (D. Mass. 2010)................................................................21

*Fillmore v. Blumhouse Prods., LLC*,
2017 WL 4708018 (C.D. Cal. July 7, 2017),
*aff'd*, 771 F. App'x 756 (9th Cir. 2019) .............................................................17

*Funky Films, Inc. v. Time Warner Entm't Co.*, *L.P.*,
462 F.3d 1072, 1077 (9th Cir. 2006),
*overruled on other grounds by Skidmore v. Led Zeppelin*,
952 F.3d 1051 (9th Cir. 2020) ....................................................19, 20, 24, 28, 29

*Gadh v. Spiegel*,
2014 WL 1778950 (C.D. Cal. Apr. 2, 2014)......................................................17

*Griffin v. Peele*,
2018 WL 5117555 (C.D. Cal. Jan. 18, 2018)....................................................34

*Herzog v. Castle Rock Entm't*,
193 F.3d 1241 (11th Cir. 1999)........................................................................30

Mitchell
Silberberg &
Knupp LLP

13151315.8

**DEFENDANTS' 12(B)(6) MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE**

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Heusey v. Emmerich*,
2015 WL 12765115 (C.D. Cal. Apr. 9, 2015),
*aff'd*, 692 F. App'x 928 (9th Cir. 2017) ................................................ 18, 24, 30

*In re iPhone App. Litig.*,
2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) ...................................................... 34

*Kullberg v. Pure Flix Entm't LLC*,
2016 WL 7324155 (C.D. Cal. Oct. 12, 2016) ...................................................... 26

*Litchfield v. Spielberg*,
736 F.2d 1352 (9th Cir. 1984) .......................................................................... 30

*Loomis v. Cornish*,
836 F.3d 991 (9th Cir. 2016) ............................................................................ 34

*Marcus v. ABC Signature Studios, Inc.*,
279 F. Supp. 3d 1056 (C.D. Cal. 2017) ........................................................... 30

*Mason v. Sony Pictures Television, Inc.*,
No. 1:20-cv-03616-SDG (N.D. Ga.) .................................................................. 11

*Masterson v. Walt Disney Co.*,
2019 WL 2879877 (C.D. Cal. May 8, 2019),
*aff'd*, 821 F. App'x 779 (9th Cir. 2020) ...................................................... 17, 33

*Olson v. Nat'l Broad. Co.*,
855 F.2d 1446 (9th Cir. 1988) ..................................................................... 24, 25

*Panton v. Strong*,
2018 WL 5099666 (C.D. Cal. Mar. 14, 2018) .................................................. 34

*Rentmeester v. Nike, Inc.*,
883 F.3d 1111 (9th Cir. 2018),
*overruled on other grounds by Skidmore v. Led Zeppelin*,
952 F.3d 1051 (9th Cir. 2020) ........................................ 10, 17, 18, 19, 32, 33, 34

*Rice v. Fox Broad. Co.*,
330 F.3d 1170, 1178 (9th Cir. 2003),

1

**TABLE OF AUTHORITIES**
(continued)

2

3

**Page(s)**

4

*overruled on other grounds by Skidmore v. Led Zeppelin,*
952 F.3d 1051 (9th Cir. 2020) ............................................................34

5

6

*Robertson v. Dean Witter Reynolds, Inc.,*
749 F.2d 530 (9th Cir. 1984) ..............................................................16

7

8

*Schkeiban v. Cameron,*
2012 WL 12895721 (C.D. Cal. July 20, 2012) ............................33, 34

9

10

*Schkeiban v. Cameron,*
2012 WL 5636281 (C.D. Cal. Oct. 4, 2012),
*aff'd,* 566 F. App'x 616 (9th Cir. 2014) ..............................................18

11

12

*Shame On You Prods., Inc v. Banks,*
120 F. Supp. 3d 1123 (C.D. Cal. 2015),
*aff'd,* 690 F. App'x 519 (9th Cir. 2017) ..............................................17

13

14

*Shame On You Prods., Inc. v. Banks,*
893 F.3d 661 (9th Cir. 2018) ..............................................................18

15

16

*Silas v. Home Box Off., Inc.,*
201 F. Supp. 3d 1158 (C.D. Cal. 2016),
*aff'd,* 713 F. App'x 626 (9th Cir. 2018) ........................................17, 24

17

18

*Skidmore v. Led Zeppelin,*
952 F.3d 1051 (9th Cir. 2020) ........................................10, 19, 33, 34

19

20

*Tanksley v. Daniels,*
902 F.3d 165 (3d Cir. 2018) .........................................................18, 28

21

22

*Thomas v. Walt Disney Co.,*
2008 WL 425647 (N.D. Cal. Feb. 14, 2008),
*aff'd,* 337 F. App'x 694 (9th Cir. 2009) ..............................................18

23

24

*Van v. Cameron,*
2011 WL 13121346 (S.D. Cal. Sept. 26, 2011),
*aff'd,* 566 F. App'x 615 (9th Cir. 2014) ..............................................18

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

13151315.8

8

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*White v. Twentieth Century Fox Corp.*,
  2012 WL 13008330 (C.D. Cal. Apr. 11, 2012),
  *aff'd*, 572 F. App'x 475 (9th Cir. 2014) ............................................................ 18

*Wild v. NBC Universal, Inc.*,
  2011 WL 13272427 (C.D. Cal. June 28, 2011),
  *aff'd*, 513 F. App'x 640 (9th Cir. 2013) ...................................................... 18, 30

## OTHER AUTHORITIES

First Amendment to the U.S. Constitution ................................................................ 18

Federal Rule of Civil Procedure 12(b)(6) ........................................................ 11, 17

Mitchell
Silberberg &
Knupp LLP

13151315.8

**DEFENDANTS' 12(B)(6) MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In his Complaint (Dkt. 17), Plaintiff Bryan Zack Mason claims that the television series *Timeless* infringes the copyrights in his three novels. Plaintiff's claim fails as a matter of law because the works at issue, which are incorporated into the Complaint by reference and also judicially noticeable, establish that there is no substantial similarity in protected expression as a matter of law under the Ninth Circuit's "extrinsic test." As reaffirmed in *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1123 (9th Cir. 2018), *overruled on other grounds by Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020), the lack of substantial similarity under the extrinsic test can be, and frequently has been, determined as a matter of law on a motion to dismiss, and requires dismissal of a claim for copyright infringement.

Here, it is obvious from the works that there is no substantial similarity under the extrinsic test. Indeed the works are dissimilar in basic premise: *Timeless* is about stopping a longstanding cabal from altering major historical events and destroying democracy, whereas Plaintiff's novels are about a man who battles a foe with a personal vendetta against him, and comes to accept God and the fact that he cannot change the past to save his children. The works are exceedingly different in every aspect of the extrinsic test—in plot, sequence of events, themes, dialogue, characters, setting, mood, and pace. Recognizing that, Plaintiff alleges broad similarities in uncopyrightable concepts such as a team of three traveling through time fighting bad guys, and random elements scattered throughout the works. But neither can show substantial similarity *in protected expression*, as a matter of law.

The Complaint is deficient for two additional reasons. It contains no factual allegations that plausibly show that any Defendant had access to Plaintiff's books before creating *Timeless.* It also contains no facts that Defendants Sony Pictures Entertainment Inc. ("SPE") and NBCUniversal Media, LLC ("NBCU") engaged in any allegedly infringing conduct related to *Timeless.*

Mitchell Silberberg & Knupp LLP

13151315.8

**DEFENDANTS' 12(B)(6) MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE**

Plaintiff has failed to plead a claim despite three chances to do so.[1] In any event, no amendment could change the works or the dispositive deficiency that *Timeless* is, as a matter of law, not substantially similar to Plaintiff's works in protected expression. The Complaint should be dismissed with prejudice.

## II.    THE COMPLAINT AND THE WORKS AT ISSUE

Plaintiff claims that *Timeless* infringes the copyrights in his three books, titled *Shift*, *Chase*, and *Turn* ("Books"). Compl. ¶64. Although Plaintiff published and registered each Book separately (*id.* ¶¶4-6, 23-25), the Complaint sometimes refers to them collectively as *The Chronoshift Trilogy* (*e.g.*, *id.* ¶¶3, 7). Plaintiff speculates that Eric Kripke, *Timeless*'s co-writer and co-producer, could have obtained the Books through various hypothetical transmittals. *See id.* ¶¶22, 27-61.

Defendants have submitted all *Timeless* episodes and Plaintiff's Books with their Request for Judicial Notice ("RJN"). These works are part of the Complaint as they are incorporated by reference; they are also judicially noticeable. For these reasons, in copyright cases, courts routinely consider the works at issue under Rule 12(b)(6) in assessing substantial similarity. *See* cases cited *infra* at n. 6; RJN.

### A.    *Timeless*

*Timeless* (RJN Ex. 1) consists of 26 episodes and a two-part Finale. In the Pilot (S1E1)[2], we learn that Mason Industries, headed by former engineer Connor Mason, has created two spaceship-like vehicles—the "Mothership" and its prototype, the "Lifeboat"—which can transport passengers to a different date and location. Garcia Flynn, a former NSA asset from Eastern Europe, and his men storm Mason Industries, appear to kidnap the project's chief scientist, hijack the

---

[1] Plaintiff previously filed a complaint and amended complaint in the Northern District of Georgia. *See Mason v. Sony Pictures Television, Inc.*, No. 1:20-cv-03616-SDG (N.D. Ga.). After a hearing, that court dismissed the action for lack of personal jurisdiction without reaching Defendants' Rule 12(b)(6) motion.

[2] *Timeless* episodes are cited in the Complaint and in this Motion by Season (S1 or S2) and Episode (E) number. The RJN identifies where each episode is located on the DVDs submitted as Exhibit 1. Page citations herein to Plaintiff's Book *Shift* are denoted by the preface "S," *Chase* with "C," and *Turn* with "T."

1    Mothership, and escape to the day and location of the Hindenburg disaster.

2    Homeland Security Agent Denise Christopher is tasked with overseeing a team to

3    go after Flynn using the Lifeboat. Lucy Preston, a college professor in history and

4    anthropology, is recruited to stop Flynn from altering history. Master Sergeant

5    Wyatt Logan is assigned by the government to capture or kill Flynn. Rufus Carlin,

6    a self-effacing engineer at Mason Industries, is needed to pilot the Lifeboat.

7         The Lifeboat team discovers that Flynn plans to alter history by blowing up

8    the Hindenburg on its return flight, and killing prominent American figures who

9    did not originally die. But it quickly becomes unclear if Flynn really is a villain:

10   He shows Lucy a journal with her handwriting that he claims she gives him in the

11   future, and says she should ask her superiors why she was chosen for the mission

12   and who "Rittenhouse" is. The team manages to save the Hindenburg passengers.

13   But upon her return, Lucy learns her own history has significantly changed: She is

14   engaged, her mother is no longer dying of cancer, and her sister has been erased.

15        In subsequent episodes, Flynn travels to other significant events in American

16   history, each bound up with the mysterious "Rittenhouse." The Lifeboat team

17   pursues the Mothership and tries to deduce the significance of the date and foil

18   Flynn's plans to alter history. Each episode revolves around the team's immersion

19   in a different historical event, where they secure assistance from diverse historical

20   figures.[3] Over the course of Season 1, the team learns that Flynn's real aim is to

---

21   [3] Flynn's plans include aiding the 1865 conspiracy to assassinate other U.S. leaders
22   along with Lincoln (S1E2); stealing a plutonium core from 1962 Las Vegas, where
     the Lifeboat team interacts with Judith Campbell, JFK's mistress (E3); abducting
23   scientist Wernher von Braun in 1944 Germany to prevent his defection to America,
     which the team thwarts with help from author Ian Fleming (E4); altering the 1836
24   Battle of the Alamo by killing Commander William B. Travis before he finishes
     his "Victory or Death" letter (E5); obtaining the gap in the Nixon Watergate tapes
25   in 1972 (E6); sabotaging the 1969 Apollo 11 mission, which the team saves with
     mathematician Katherine Johnson (E8); getting a key from Bonnie and Clyde in
26   1934 (E9); killing Thomas Edison, Henry Ford, and J.P. Morgan during the 1893
     Chicago World Fair, which Lucy stops with help from Henry Houdini (E11);
27   preventing the killing of Jesse James to locate ex-Mason Industries pilot Emma
     Whitmore in 1882, where the team is aided by the "Lone Ranger," a Black U.S.
28   Marshal named Bass Reeves (E12); and abducting Charles Lindbergh in 1927
     Paris, where the team works with Josephine Baker and Ernest Hemingway (E14).

Mitchell
Silberberg &
Knupp LLP

13151315.8

DEFENDANTS' 12(B)(6) MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE

destroy Rittenhouse, which murdered his family and funded Mason Industries' time-travel project to change history for its evil ends (S1E2, 6, 13). Rittenhouse is a shadowy, anti-democratic cabal founded in 1778, whose secret membership has included many powerful American figures (S1E10, 11). Among Season 1 subplots, Connor pressures Rufus to secretly record Lucy and Wyatt; when Rufus refuses to continue, a Rittenhouse agent (Benjamin Cahill) threatens his family (S1E1, 2, 4). Lucy seeks to recover her lost sister and learns that Cahill is her real father and a Rittenhouse leader (S1E4-6, 13-14). Wyatt and Rufus take the Lifeboat on an unsanctioned mission to 1983 Ohio in a failed bid to prevent the murder of Wyatt's former wife Jessica, resulting in his arrest (S1E13-14). The NSA, which is under Rittenhouse's influence, usurps Agent Christopher's role (S1E14).

In Season 1's final episode (S1E16), the Lifeboat team, along with Connor, align with Flynn against Rittenhouse. With the help of Lucy's grandfather in 1954, the team acquires documents that lead to arrests of Rittenhouse members. But Rufus's coworker and love interest, Jiya, develops troubling seizures and visions caused by her time travel. Lucy learns with horror that her mother Carol is also a Rittenhouse leader. Former Mason Industries pilot Emma Whitmore, who seemingly had been aligned with Flynn, steals the Mothership for Rittenhouse.

In Season 2, Rittenhouse, with Emma piloting the Mothership, tries to drastically rewrite history to destroy democracy. Carol and Emma bring Carol's grandfather, Nicholas Keynes, from World War I France to lead Rittenhouse (S2E1). Rittenhouse travels to "key moments in history" (S2E1 39:19-33), where it activates sleeper agents who have been waiting in the past for years (*e.g.*, S2E2 20:45-21:48), and tries to take over or kill democratic institutions and movements.[4]

---

[4] Rittenhouse's plans include taking over the growing auto industry by bombing a 1955 NASCAR race, where the Lifeboat team is aided by Black race-car driver Wendell Scott (S2E2); increasing its propaganda reach through William Randolph Hearst by stealing the only copy of *Citizen Kane* in 1941 Hollywood, which the team prevents with help from actress/inventor Hedy Lamarr (E3); having the future mother of Benjamin Franklin executed in the 1692 Salem witch trials (E4); killing

The Lifeboat team follows the Mothership, and must uncover and foil Rittenhouse's schemes in order to preserve democracy. Each Season 2 episode continues the pattern of featuring time travel to a new historically significant event.

Lucy and Wyatt start a romance (S2E3), foreshadowed in Season 1 when, posing as a couple, they kiss in front of Bonnie and Clyde (S1E9). But Wyatt soon discovers that Jessica is alive again and tries to rekindle their relationship; Flynn becomes a potential love interest for Lucy (S2E3-7). Jessica is revealed to be a Rittenhouse agent; she steals the Lifeboat and kidnaps Jiya (S2E9). The team recovers the Lifeboat and locates Jiya in 1880s San Francisco, leading to confrontations in which Emma kills Rufus, as well as Carol and Nicholas (S2E10).

In the Finale, future versions of Lucy and Wyatt visit, tell the team they need to bring back Rufus, and give them Lucy's future journal with information to defeat Rittenhouse. Flynn takes the Lifeboat to 2012 and sacrifices himself to kill Jessica, in order to revive Rufus. The team participates in the 1950 U.S.-led Hungnam Evacuation in North Korea, where Emma is killed by Chinese soldiers. In the end, Lucy is shown as a tenured professor and has two daughters with Wyatt, and Rufus and Jiya are successful entrepreneurs. The team makes one last trip to 2014 Brazil, where Lucy gives Flynn her journal. The Mothership is destroyed, but a final scene shows a young girl sketching plans for a time machine.

### B.  **Plaintiff's Three Books, *Shift*, *Chase*, and *Turn*[5]**

In *Shift* (RJN Ex. 2), Mark Carpen is a suburban family man. A drunk teenage driver hits Mark's car, killing his two young children. After Mark loses a lawsuit filed by the perpetrator's well-connected family, and his wife leaves him,

---

a 17-year-old John F. Kennedy (E5); murdering blues musician Robert Johnson to prevent the rise of the 1960s cultural revolution and civil rights movement (E6); framing suffragist Alice Paul for murder on the day she is to persuade Woodrow Wilson to support the 19th Amendment, where the team works with attorney Grace Humiston (E7); and altering the balance of power in favor of the Confederacy in 1863 South Carolina, where the team collaborates with Harriet Tubman (E9).

[5] *Chase* and *Turn* contain short summaries of *Shift* and *Chase*, respectively.

he abandons society to live in the North Georgia mountains.

In the woods, Mark discovers three watches or "shifters," which latch onto the wearer's wrist and can only be removed at death. He discovers he can jump at will to a different time, but in the same location. He uses his shifter to amass billions of dollars by buying stocks and gambling. He then repeatedly goes back to the day of the car accident, but his many different attempts to prevent it—including assaulting the drunk driver at a pizzeria and slashing the car's tires—all fail. A "force" physically stops Mark, precluding him from even moving (S94). As Mark learns, this force also prevents the alteration of major historical events (S307-08).

A man with a shifter named Hardy Phillips recruits Mark to embark on time-travel missions for a company called ChronoShift. Mark meets a second member, Ty Jennings. Mark helps Ty save his ancestor, a slave, from being lynched. After Ty and Hardy suddenly disappear, Mark forms ChronoShift. He commissions the making of historical costumes and coins, and builds an arsenal of historical weapons and tools. Mark recruits Hardy from 1987 Fort Bragg and Ty from 1968 Vietnam. The three use their shifters to save ordinary people from crimes. Mark becomes infatuated with an exotic dancer he saves, Laura Kingsley. After she leaves him for Hardy, Mark's fury causes Hardy to separate from ChronoShift.

Senior IRS agent Alexander Rialto becomes preoccupied with investigating Mark and loses his job as a result. Rialto finally figures out Mark's secret after trying for 15 years. In 2027, Rialto kills an older Ty to take his shifter and then kills Hardy for his. Rialto recruits Mafia henchmen in his aim to destroy Mark.

In *Chase* (RJN Ex. 3), the two sides battle to wipe out each other. But neither side can win because if one member is killed, another member can shift back to the previous moment to save him. Rialto recruits Laura and other enemies of ChronoShift—Hugh Plageanet (a plantation owner's son from mid-1800s Georgia), Randall Cook (a British sailor from 1814), and later, Sir Randolph DeCleary (a knight from 1100 England). During a temporary truce, Mark rescues

Mitchell
Silberberg &
Knupp LLP

13151315.8

and recruits Abigail Cooper, a 17th-century Puritan woman. He falls in love with her, but she does not reciprocate. Later, Abigail and Hardy fall in love, and Hardy converts to Christianity, realizing that the insurmountable "force" protecting certain events is God. ChronoShift also helps a family in Middle Ages England.

In *Turn* (RJN Ex. 4), Mark learns from the U.S. President that Rialto has demanded that the government persecute Mark. Rialto threatens to cause a major war in the Middle East, claiming to have the Ark of the Covenant. ChronoShift goes further and further back in time in search of the Ark and finally determines its location. In Biblical-era Jerusalem, Mark meets Jesus and accepts that the death of his children was part of God's plan. Mark falls in love with Savannah Stanford, who has been working for ChronoShift as a historical researcher and receptionist. Mark gives her a shifter; she uses it to liberate girls from sex trafficking rings. There is a final battle in which Mark faces off against Rialto, who is in a giant robotic suit. God stops Rialto's bullets, and Mark kills Rialto. After a long life with Savannah and nearing death, Mark leaves the shifters in the past for his younger self to find. In death, Mark sees his children, smiling and happy, along with Jesus.

## III.   LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A claim must also be dismissed if it is not legally viable. *See id.* at 676-77, 682-83 (claim of supervisory liability failed); *see Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984) ("A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim.").

To state a claim for copyright infringement, a plaintiff must allege facts that (1) he owns a valid copyright; and (2) each defendant copied protected aspects of

1   his expression. *See Rentmeester*, 883 F.3d at 1116-17. "[T]he second element has

2   two distinct components: 'copying' and 'unlawful appropriation.'" *Id.* at 1117. For

3   copying, the plaintiff must allege facts that defendants had access to his work, and

4   the works share similarities probative of copying. *Id*. For unlawful appropriation,

5   the plaintiff must "show that [defendants] copied enough of [his work's] protected

6   expression to render their works 'substantially similar.'" *Id.* at 1118.

7         The inquiry of whether a plaintiff has plausibly pled unlawful appropriation

8   "requires [the court] to assess similarities . . . as reflected in the objective details of

9   the two works" under the extrinsic test. *Rentmeester*, 883 F.3d at 1121. "[T]he

10  extrinsic test's application may be decided by the court as a matter of law" on a

11  motion to dismiss. *Id.* at 1118. Where the works are not substantially similar under

12  the extrinsic test, courts will dismiss copyright infringement claims under Rule

13  12(b)(6). *See id.* at 1123; *Christianson v. W. Pub. Co.*, 149 F.2d 202, 203 (9th Cir.

14  1945) ("There is ample authority for holding that when the copyrighted work and

15  the alleged infringement are both before the court, capable of examination and

16  comparison, non-infringement can be determined on a motion to dismiss."); *Gadh

17  v. Spiegel*, 2014 WL 1778950, at *3 (C.D. Cal. Apr. 2, 2014) ("For fifty years,

18  courts have followed this rather obvious principle and dismissed copyright claims

19  that fail from the face of the complaint (and in light of all matters properly

20  considered on a motion to dismiss).").[6] In *Rentmeester*, the Ninth Circuit rejected

---

21  [6] *See, e.g.*, *Masterson v. Walt Disney Co.*, 2019 WL 2879877 (C.D. Cal. May 8,
22  2019), *aff'd*, 821 F. App'x 779, 780-81 (9th Cir. 2020) (book/script and film;
    "[t]he district court did not err by considering substantial similarity in a motion to
23  dismiss even though the works at issue are literary works" and without expert
    discovery); *Astor-White v. Strong*, 2019 WL 3017684 (C.D. Cal. June 14, 2019),
24  *aff'd*, 817 F. App'x 502 (9th Cir. 2020) (treatment and television series);
    *Esplanade Prods., Inc. v. Walt Disney Co.*, 2017 WL 5635027 (C.D. Cal. Nov. 8,
25  2017), *aff'd*, 768 F. App'x 732 (9th Cir. 2019) (treatment/artwork and film);
    *Fillmore v. Blumhouse Prods., LLC*, 2017 WL 4708018 (C.D. Cal. July 7, 2017),
26  *aff'd*, 771 F. App'x 756 (9th Cir. 2019) (manuscript and film); *Abdullah v. Walt
    Disney Co.*, 2016 WL 5380930 (C.D. Cal. Mar. 14, 2016), *aff'd*, 714 F. App'x 758
27  (9th Cir. 2018) (book and film); *Shame On You Prods., Inc v. Banks*, 120 F. Supp.
    3d 1123 (C.D. Cal. 2015), *aff'd*, 690 F. App'x 519 (9th Cir. 2017) (screenplay and
28  film); *Silas v. Home Box Off., Inc.*, 201 F. Supp. 3d 1158 (C.D. Cal. 2016), *aff'd*,

1  the plaintiff's argument that substantial similarity should not be assessed at the

2  pleading stage, holding that "[d]ismissal is appropriate here because the [works]

3  are properly before us and thus 'capable of examination and comparison,'" and

4  "[n]othing disclosed during discovery could alter the fact that the allegedly

5  infringing works are as a matter of law not substantially similar to [plaintiff's

6  work]." 883 F.3d at 1123. *See also Shame On You Prods., Inc. v. Banks*, 893 F.3d

7  661, 666-67 (9th Cir. 2018) (affirming award of fees after affirming dismissal of

8  copyright claim, because works were only similar in generalized ways).

9      The works at issue in this action are properly before this Court. The Court

10  should examine and compare them, and assess whether Plaintiff can show that

11  *Timeless* is substantially similar to his works under the extrinsic test. This inquiry

12  should be conducted now because it goes to the legal insufficiency of Plaintiff's

13  claim, and because Plaintiff purports to assert ownership over ideas, which are free

14  to all under the Copyright Act and the First Amendment.[7] Nothing disclosed in

15  discovery could overcome the patent absence of substantial similarity as a matter

16  of law. "[J]ustice is best served by putting 'a swift end to meritless litigation,'"

17  *Tanksley v. Daniels*, 902 F.3d 165, 172 (3d Cir. 2018), before more attorneys' fees

18

19  713 F. App'x 626 (9th Cir. 2018) (screenplay and television show); *Edwards v. Cinelou Films, LLC*, 2016 WL 9686986 (C.D. Cal. June 22, 2016), *aff'd*, 696 F.

20  App'x 270 (9th Cir. 2017) (script/trailer and film); *Heusey v. Emmerich*, 2015 WL 12765115 (C.D. Cal. Apr. 9, 2015), *aff'd*, 692 F. App'x 928 (9th Cir. 2017)

21  (screenplay and film); *Basile v. Sony Pictures Entm't Inc.*, 2014 WL 12521344 (C.D. Cal. Aug. 19, 2014), *aff'd*, 678 F. App'x 473 (9th Cir. 2017) (literary/artistic

22  works and film); *Schkeiban v. Cameron*, 2012 WL 5636281 (C.D. Cal. Oct. 4, 2012), *aff'd*, 566 F. App'x 616 (9th Cir. 2014) (book/screenplay and film); *White

23  v. Twentieth Century Fox Corp.*, 2012 WL 13008330 (C.D. Cal. Apr. 11, 2012), *aff'd*, 572 F. App'x 475, 477 (9th Cir. 2014) (screenplay and films/television;

24  claim failed despite over 100 alleged similarities); *Van v. Cameron*, 2011 WL 13121346 (S.D. Cal. Sept. 26, 2011), *aff'd*, 566 F. App'x 615 (9th Cir. 2014)

25  (novel and film); *Wild v. NBC Universal, Inc.*, 2011 WL 13272427 (C.D. Cal. June 28, 2011), *aff'd*, 513 F. App'x 640 (9th Cir. 2013) (graphic novel and television

26  series); *Thomas v. Walt Disney Co.*, 2008 WL 425647 (N.D. Cal. Feb. 14, 2008), *aff'd*, 337 F. App'x 694 (9th Cir. 2009) (literary work and film).

27  [7] *See Eldred v. Ashcroft*, 537 U.S. 186, 219 (2003) (idea/expression dichotomy is a "built-in First Amendment accommodation[]"; "[d]ue to this distinction, every

28  idea, theory, and fact in a copyrighted work becomes instantly available for public exploitation at the moment of publication").

**DEFENDANTS' 12(B)(6) MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE**

(awardable under the Copyright Act to the prevailing party) are expended.

## IV.   PLAINTIFF CANNOT STATE A CLAIM FOR RELIEF BECAUSE THE WORKS ARE NOT SUBSTANTIALLY SIMILAR

"The extrinsic test assesses the objective similarities of the two works, focusing only on the protectable elements of the plaintiff's expression" and filtering out unprotectable elements such as "ideas and concepts, material in the public domain, and *scènes à faire*." *Rentmeester*, 883 F.3d at 1118. In cases involving novels and television shows, the test considers the specific expressive elements in the plot, themes, dialogue, characters, setting, mood, pace, and sequence of events. *See id.* at 1118-19 (citing *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006), *overruled on other grounds by Skidmore*, 952 F.3d 1051). The Complaint treats Plaintiff's Books as one work and all *Timeless* episodes as one work. Whether the respective works are considered individually or aggregated, Plaintiff's claim fails as a matter of law because there is no substantial similarity under the extrinsic test.

*Plot.* A court will "look[] beyond the vague, abstracted idea of a general plot" when assessing similarities. *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985). Thus, even if two works "share the same basic plot premise" (which is not the case here), the claim fails as a matter of law if "a closer inspection reveals that they tell very different stories." *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 625 (9th Cir. 2010), *overruled on other grounds by Skidmore*, 952 F.3d 1051.

As is clear from even the brief summaries above, *Timeless* and Plaintiff's Books tell drastically different stories. Plaintiff nevertheless alleges that they are similar because the "Basic Story" is that "Three good guys travel through time, fighting assassins and altering historical events" and they "Can change future sometimes," but "Mysterious force of fate prevents other changes." Compl. Ex. 2.[8]

---

[8] Complaint Exhibit 2 repeats the allegations that appear in the body of the Complaint and provides some citations to the works. This Motion will therefore address the allegations as they are referred to in the first column of Exhibit 2.

However, such "basic plot ideas" are "not protected by copyright law." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 823-24 (9th Cir. 2002) ("general premise of a child, invited by a moon-type character, who takes a journey through the night sky and returns safely to bed to fall asleep" is unprotectable); *Berkic*, 761 F.2d at 1293 ("No one can own the basic idea for a story" about "the adventures of a young professional who courageously investigates, and finally exposes, [a] criminal organization" that "murder[s] healthy young people, then remove[s] and sell[s] their vital organs to wealthy people in need of organ transplants").[9]

Even Plaintiff's generalizations are inaccurate. In his Books, the characters cannot alter major historical events, which are "protected" by the "force," *i.e.*, God (S307-08, C242-43, T6). In contrast, *Timeless*' entire story is premised on the ability to alter the course of history. However, the good guys do not time-travel to alter history, but to preserve it. And although Plaintiff calls Flynn an "assassin," Flynn's aim is not to assassinate the Lifeboat team, but to destroy Rittenhouse.

Plaintiff's other alleged similarities likewise abstract the works to the level of unprotectable generality, or blatantly mischaracterize them:

"Science not explained": Plaintiff alleges that "[t]he science behind the time-travel mechanism is not explained" in either set of works, but the absence of an idea cannot show that *Timeless* copied Plaintiff's protected expression.

"Group of Assassins" and "Assassins Steal the Device": Contrary to Plaintiff's assertions, in *Shift* (S262-63, 270), a "group of assassins" does not steal

---

[9] Works with far more similarities have been held to lack substantial similarity as a matter of law. *See, e.g.*, *Funky Films*, 462 F.3d at 1077-78, 1081 (works in which a father who operated family-run funeral home dies and the two sons take over; the older brother initially has no interest, was estranged but moves home from a distant city, and is creative in contrast to his younger conservative brother; the business is financially fragile; a rival funeral home attempts to take over but fails; and the younger brother changes his church affiliation to increase client base); *Anderson v. Paramount Pictures Corp.*, 617 F. Supp. 1 (C.D. Cal. 1985) (works about a wager between two wealthy friends over whether an uneducated man can be made to pass as a successful businessman, both of which featured a beggar pretending to be blind by walking with dark glasses and a cup, a scene where the bettors bribe the man to enter their limousine, and references to Harvard and Russians).

"one of the time machines." Rialto, acting alone, kills Ty in the future, and uses the future Ty's shifter to kill Hardy to take his. In *Timeless* S1E1 (4:30-6:38), Flynn does not steal the Mothership from the good guys, but from Mason Industries and Rittenhouse. He and his men raid the company in the present, and pretend to take the chief scientist as a hostage to board the Mothership and abscond to 1937. They do not kill any members of the Lifeboat team, which has not yet been formed.

      "*Private* Time Travel Company": Contrary to Plaintiff's allegation, the time-travel missions in *Timeless* are managed by the U.S. government, specifically Agent Christopher. The time-travel vehicles were invented by Mason Industries, with secret funding from Rittenhouse. In Plaintiff's Books, the time travel is managed by Mark, Hardy, and Ty, who did not invent the shifters (S213-14).

      "Nausea after time travel": Nausea as an effect of traveling through time is an uncopyrightable concept. *See Feldman v. Twentieth Century Fox Film Corp.*, 723 F. Supp. 2d 357, 366 (D. Mass. 2010) ("'warning signs' of impending time travel," "some 'after effect' showing the time traveling is complete," "a tragic romance related to the time traveling," and "significant consequences as a result of the time travel" are "uncopyrightable *scènes à faire*, or stock scenes, inherent in the portrayal of time travel"). In Plaintiff's Books, the characters get nauseous after successive shifts within a short period of time, a kind of "time-travel jet lag" (S28-29, 18-21, 204-05). In *Timeless*, the characters cannot instantly shift, but some experience motion sickness as a result of traveling through space and time.

      "Past selves not allowed": In Plaintiff's Books, Mark merely avoids seeing himself due to a "strange phobia"; "Ty and Hardy had seen themselves plenty of times" (T374; *see* S44). They regularly shift in, out, and back into the same day, which is critical to the tactical warfare between the two sides. In *Timeless*, the characters face horrible physical consequences if they travel to times when they already exist, preventing "do-overs" of events (S1E1 15:11-33, 39:50-59).

      "Pewter grey device, with a watch-band": Plaintiff likens the time-travel

devices in *Timeless* to watches, but in fact, they are large spaceships that resemble eyes, and the Mothership is white (S1E1 6:10, 9:52). Moreover, the characters cannot time-travel at will, instantly, and without obstacle; the vehicles must be piloted by an experienced engineer, and can break down (*e.g.*, S1E7).

"Predestination Debates": The "ancient argument of fate versus free will" (C91) is an unprotectable concept, and Plaintiff is incorrect that in *Timeless*, Wyatt is the only one who refuses to accept fate. For example, Lucy refuses to accept her sister's erasure and demands that the government get her back (S1E4 39:42-40:28).

"Tracking Ability"/"Tracking Abilities": Being able to track where enemies have traveled in time is a basic idea necessary to chase them, which is expressed very differently in the respective works. *See Basile*, 2014 WL 12521344, at *6 ("one character chasing another through time travel is a general similarity" that is "not copyrightable"). In Plaintiff's Books, Rialto's hired scientist develops a hand-held "tracker," which, when pointed at a person shifting between times, can detect electromagnetic fluctuations and provide the date/time to which a person has gone (S268-73, C14). There is no need to track the geographical location, as characters remain in the same spot after shifting. In *Timeless*, the Lifeboat automatically "knows" the Mothership's temporal location because their CPUs are linked (S1E1 9:52-10:10). Jiya later develops a way to determine the Mothership's general geographical location using Mason Industries' computers (S1E3 4:22-46).

"Truce with the Assassins": In *Chase* (C89-94), the two sides enter into a temporary "truce" because as soon as one member is killed, others may shift back to save them. After learning that Rialto has killed Ty in the future, Mark calls off the truce (C220-21). In *Timeless*, the Lifeboat team realizes that Flynn is on their side, and it never has a truce or alliance with Rittenhouse.

"African-American Killed by Assassins" and "Good Guys Can't Save Their Friend's Life": Plaintiff alleges that the African-American protagonist is killed by the assassin, and the team tries to save him but fails. In fact, in *Shift*, Rialto kills

Mitchell
Silberberg &
Knupp LLP
13151315.8

both Ty and Hardy to take their shifters (S262-63, 270). Rialto hides behind a bush near the Boston Common in 2027 and shoots Ty in the back of the head when Ty looks to be 25 to 30 years older (C195-98). In *Chase* (C208-09, 221), Mark goes to the scene of Ty's future murder and repeatedly tries to prevent it, but is stopped by the force. Ty's murder is never undone (T368). Because Rialto kills future versions of Ty and Hardy, however, the present-age Ty and Hardy continue in the narrative. *Timeless* is radically different: Rufus is killed at his present-day age, but in the past, 1888 San Francisco, where he goes to retrieve Jiya (S2E10 29:16-33:15). Emma—not so-called "assassin" Flynn—shoots Rufus outside a saloon, but not to steal a time machine. The Lifeboat team never revisits that scene to stop the shooting. But Flynn undoes Rufus's death (Finale pt.1 25:14-28:42).

"Loved Ones Must Die": Plaintiff incorrectly avers that in *Timeless*, "Wyatt and the team understand that for everything to work out as it needed to, his wife could not be saved from death." In fact, Jessica is saved from death by Rittenhouse and is a major character. Rittenhouse has also altered her youth by saving her sick brother and becoming her family (S2E3 41:30-42:25, S2E10 18:42-19-20:16). To revive Rufus, Jessica must be "taken out of the timeline" again (Finale pt.1 19:21-21:18). In Plaintiff's Books, Mark's children are never saved from death.

***Sequence of Events.*** There is no similarity in sequence, either. For instance, the *Timeless* Pilot opens with a scene of the Hindenburg, establishes Lucy as a college professor, daughter and sister, depicts Flynn hijacking the Mothership, and shows Lucy being summoned to the already-existing Mason Industries. It is Flynn taking the Mothership that launches Lucy and Wyatt into time travel. Rufus is not killed until S2E10 and is soon revived. In Plaintiff's Books, on the other hand, Mark's discovery of the shifters precedes the creation of ChronoShift, which is not mentioned until well into the first Book, *Shift* (S99). Mark's time-travels are what lead to Rialto turning into the villain at the end of *Shift* (S258-63). Rialto kills Ty and Hardy early on (S263, 270), which Mark never undoes. *See Cavalier*, 297 F.3d

at 823 (works did not "share any detailed sequence of events").

*Themes*. The works have diametrically opposed themes. The overarching theme of Plaintiff's Books is religious: We have to put our faith in God and accept that bad things that happen to good people cannot and should not be changed. *See* Compl. Ex. 2 ("More God discussions"). As Mark realizes, "We seem to only be able to alter smaller threats of history, things that don't affect a whole lot," and accepting "God's hand" brings contentment and peace (T6-7, 274-79). *Timeless* has a secular message about the agency of individuals to shape the past and fight the "powers that be," in a world where those actions can drastically change not only America's history and future, but the protagonists' personal histories, such as whether one's sibling exists. After trying to ensure that history is not changed, Lucy realizes that they "have to change history" to "make things right and save the people we love, no matter what" (Finale pt.1 0:01-2:39). In any event, any broad themes flowing from time travel are not protectable. *See Benay*, 607 F.3d at 627.

*Dialogue*. "[E]xtended similarity of dialogue [is] needed to support a claim of substantial similarity[.]" *Olson v. Nat'l Broad. Co.*, 855 F.2d 1446, 1450 (9th Cir. 1988). Plaintiff does not allege any similarity in dialogue, and there is none.

*Characters*. "'The bar for substantial similarity in a character is set quite high.'" *Heusey*, 2015 WL 12765115, at *9; *Silas*, 201 F. Supp. 3d at 1177. Only "especially distinctive characters" are copyrightable. *Olson*, 855 F.2d at 1452. Similarities "at the abstract level," *Funky Films*, 462 F.3d at 1078, and traits that "flow naturally from" the plot premise are not protected, *Benay*, 607 F.3d at 626.

Plaintiff's characters are not especially distinctive and merely embody unprotected plot ideas. Indeed, very little background is known about any of them. At any rate, the "loose correspondences" Plaintiff attempts to draw are based on superficial, unprotectable traits, and do not show substantial similarity. *Olson*, 855 F.2d at 1451. Plaintiff claims that in both works, the good time-traveling team consists of a main protagonist who is a "Special Forces Character," a "Female

Historian," and an "African-American Time Traveler," and that "[t]here are three men in the original group of assassins" ("# of Assassins"). But a team of three and basic character types are not copyrightable. *See id.* at 1449-50 (two group-action adventure series, each featuring a team of three Vietnam veterans, not substantially similar); *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 72 (2d Cir. 2020) (claim cannot "be based on such generic and common characteristics" as "hair color, race, and profession"). The allegation is also incorrect. In Plaintiff's Books, the team consists of three men, all with military experience—lead protagonist Mark, Hardy, and Ty. In *Timeless*, the team consists of principal protagonist Lucy, Wyatt, and Rufus, and there is no original group of three "assassins" (S1E1 4:30-54, 5:19-47).

Wyatt (*Timeless*) is not similar to Mark (Plaintiff's Books) in any protectable way. Plaintiff calls them both "Special Forces," but when *Shift* opens, Mark is already a suburban father who has lost his job as a computer systems analyst, and he then becomes a hermit (S2, 10). He finds the shifters, turns around his finances, and runs his own time-travel company. In contrast, Wyatt is an active soldier under orders to kill or capture Flynn. He does not find the machines or run Mason Industries. Plaintiff alleges that "Protagonist [is] betrayed by wife," but Mark's wife proposing a divorce to protect their assets from a lawsuit (S6) bears no similarity to Jessica spying on and fighting the Lifeboat team for Rittenhouse.

Plaintiff's abstract allegations that Wyatt and Mark have lost a loved one, try to save them, and question and then accept God[10] disregard and misrepresent their objective details. In *Shift*, Mark is driving his children when they are hit by a drunk driver. He repeatedly returns to try to prevent the wreck, but the force physically intervenes (S80-85). Mark goes to 1959 Georgia to kill the drunk driver's father when the father is 17 (not to literally prevent conception), but Mark cannot bring

---

[10] *See* Compl. Ex. 2 ("Loss of children/wife"; "Protagonist travels back to prevent conception of the killer of his loved one(s)"; "Protagonist interrupts missions for a chance to save his loved one(s)"; "Protagonist questions God for pre-destined loss of loved one(s)"; and "Protagonist resolves himself to the Will of God").

himself to shoot (S86-87). In *Turn*, after Hardy reports that he saved Abigail's cousin after many failed attempts, Mark returns to the day of the wreck on his own, but the force stops him from even standing (T20-27). Mark rejects Christianity because God took his children (C191, T247-50), but is transformed by Jesus (T273-79). That is dramatically different from Wyatt, who left his wife on the road after arguing about her ex-boyfriend; she was then found strangled by an unknown assailant (S1E6 23:25-24:30). Wyatt never returns to that day. In S1E13 (33:04-34:49, 37:42-38:30), after Flynn tells Wyatt the name of the murderer, Wyatt and Rufus take the Lifeboat without permission to 1983 Ohio to prevent a one-night stand between a stewardess and a bartender. Wyatt succeeds and accidentally causes the bartender's death, but Flynn has lied about the murderer's identity. Wyatt never puts his faith in God; in S1E14 (40:30-42:25), he decides he was "meant to protect" Lucy and Rufus—a purpose that Jessica's return jeopardizes.

Although Plaintiff alleges the "Protagonist is willing to pre-emptively kill bad people" and "Protagonist has a borderline angry personality," such vague traits are unprotectable and flow naturally from the idea of a soldier or ex-soldier who has lost a loved one.[11] As Mark says, "A soldier must learn to kill the enemy wherever he finds them without hesitating or second-guessing" (S108). But whereas Mark runs ChronoShift to undo some of the "[m]illions of tragedies [that] happen every day" (S206), Wyatt time-travels because he is ordered to and fights for his grandfather, who fought the Nazis and picked up the slack for Wyatt's abusive father (S1E4 22:55-23:51). He has PTSD from a mission in which he was the sole survivor (S1E5 28:11-29:50). While he (like Rufus or Lucy) sometimes

---

[11] *See Kullberg v. Pure Flix Entm't LLC*, 2016 WL 7324155, at *2 (C.D. Cal. Oct. 12, 2016) (being "'devout,' 'kind,' 'loyal,' 'free-thinking,' 'courageous,' 'bright and studious'" not protectable in works about Christian students); *Arden v. Columbia Pictures Indus., Inc.*, 908 F. Supp. 1248, 1261 (S.D.N.Y. 1995) ("Although Phil and Rob bear superficial similarities, such as the fact that both are bachelors in their thirties, both pursue love interests and are somewhat chauvinistic and self-centered, any such similarities are concepts or ideas that do not reach the level of copyrightable expression.").

gets angry, Wyatt does not violently attack his teammates like Mark (S264-67).

Lucy (*Timeless*) and Savannah (Plaintiff's Books) have nothing in common. Savannah meets Mark while working for her mother making costumes (S169-71). She is a "soft"-mannered graduate student in world history (S170, 173). She is a minor character until the final Book. Lucy, on the other hand, is *Timeless's* main protagonist from the start. She is an outspoken, well-respected professor in the history and anthropology of American political movements, who is in charge of stopping Flynn from altering history (S1E1 7:46-10:48, S1E10 2:16-22). She needs to be in control, caused by a near-drowning (S1E4 21:30-22:55). She has always felt pressured to follow in her mother's footsteps, but wants to choose her own future (S1E1 36:16-25, S1E14 25:50-27:09)—a conflict that becomes crystallized when Lucy discovers that her mother is Rittenhouse.[12] Nor is there any similarity in the "Romance Between Protagonist & Female Historian": Savannah waits patiently on the sidelines while Mark falls in and out of love with Laura and Abigail (S264-67, T233), whereas Lucy and Wyatt show immediate potential chemistry but initially bicker and spar, become gradually attracted to each other, and sleep together, but stop pursuing their romance when Wyatt discovers that Jessica is alive (S1E1-2, S2E2-5). *See Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 461 (11th Cir. 1994) (device of romantic triangle "noncopyrightable").

Rufus (*Timeless*) and Ty (Plaintiff's Books) are vastly different, even in their superficial traits: Ty is a muscular, intimidating ex-Marine who served in Vietnam in 1968, "the kind of man people are naturally inspired to place their trust and confidence in" (S130, 125-26, 192). Rufus is a nerdy engineer who lacks confidence, even to ask Jiya out (S1E1 4:55-5:19). Unlike Ty, Rufus initially spies on Lucy and Wyatt, but eventually gains the courage to stand up to Rittenhouse (S1E11 38:51-40:44) and develops an important romantic relationship with Jiya.

---

[12] Plaintiff alleges that the "Historian's Mother" is similar, but Plaintiff's Books barely mention Savannah's mother, a costume-maker (S169-71). In *Timeless*, Carol is a major character, a world-famous professor, and a Rittenhouse leader.

Mitchell Silberberg & Knupp LLP

13151315.8

**DEFENDANTS' 12(B)(6) MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE**

1   That Rufus and Ty inevitably encounter racism is not a protectable trait. *See Beal*,

2   20 F.3d at 461 ("showings of prejudice and ignorance toward those from other

3   continents are scènes à faire in stories of foreigners abroad"); *Tanksley*, 902 F.3d at

4   175 ("an African-American, male record executive" is "unprotectable").

5          The so-called "assassins" are nothing alike. Alexander Rialto (Plaintiff's

6   Books) loses his IRS agent position for investigating Mark and vows to "get even

7   with him" (S258-60). Garcia Flynn (*Timeless*) is the initial supposed villain but

8   turns out to be a hero. Contrary to Plaintiff's assertion that "Assassin was federal

9   employee," Flynn was never a government employee, but a former NSA asset;

10  Rittenhouse murdered his family and framed him (S1E6 16:09-18:59). That Rialto

11  and Flynn are supposedly "Latin-looking" is not a protectable similarity.[13]

12         Thus, there is no similarity in characters. Moreover, there are many key

13  characters in Plaintiff's Books with no alleged counterparts in *Timeless*, and vice

14  versa, including Plaintiff's Hardy Phillips, Laura Kingsley, Hugh Plageanet,

15  Randall Cook, Randolph DeCleary, and Abigail Cooper, and *Timeless*'s Denise

16  Christopher, Connor Mason, Rittenhouse, Benjamin Cahill, Nicholas Keynes, and

17  Emma Whitmore. *See Funky Films*, 462 F.3d at 1078-79 (emphasizing that several

18  key characters in defendants' work were "[c]ompletely missing" from plaintiff's).

19         **Setting.** The settings are extremely different. Plaintiff's Books span world

20  history, but are grounded in present-day Georgia and Massachusetts. *Shift* is

21  primarily set in Georgia (2010s, 1860s) and Massachusetts (2010s); *Chase* in

22  Massachusetts (2010s, 1670s) and England (1100s); *Turn* in Europe and the

23  Middle East, including 1649 Amsterdam, 1525 Venice, the Charlemagne era, the

---

[13] Plaintiff asserts that a "Scientist Assistant" helps the assassins, but in *Timeless*, chief scientist Anthony Bruhl created the time machines and is a good guy (S1E13 21:08-23:00). Plaintiff also points to random names or initials which are not copyrightable ("Company owners have reversed initials"; "The Mason name"; "V – Name & Castle"; "Enemy names start with 'Ri-'"; "Name of Rufus"). *See Davis v. Am. Broad. Cos.*, 2010 WL 2998476, at *10 (W.D. Mich. July 28, 2010) (a name "generally is an unprotectible generic element"; dismissing claim despite similarity in character names Eli/Ely, Stanley, and Ramerez/Ramirez) (citing cases).

time of Jesus, and 1020 B.C. By contrast, *Timeless* is grounded in present-day San Francisco, and each episode involves a trip to a significant moment in U.S. history.

Plaintiff asserts similarity in a few random, general settings, which are not actually similar. *See Funky Films*, 462 F.3d at 1080 (setting of "a contemporary, family-run funeral home" not substantially similar). Plaintiff alleges there is an "Early Trip to the 1930's," but in *Shift* (S98-111), Mark goes to 1934 Chicago to save a 12 year-old boy from a gang of thieves; in *Timeless* (S1E1), the team goes to the 1937 Hindenburg disaster. Plaintiff alleges there is a trip to "Lincoln Assassination," but that is an unprotectable historical event, and in *Shift* (S307-08), Mark cannot "get anywhere near Lincoln's box, anywhere close to the time of his death." *See DuBay v. King*, 366 F. Supp. 3d 1330, 1347 (M.D. Fla. 2019) (Battle of the Alamo not protectable in fictional works), *aff'd*, 844 F. App'x 257 (11th Cir. 2021). Plaintiff argues there is a "Party in a Castle," but in *Shift* (S112-22), Mark goes to a 1926 party at a Boston estate to steal a man's cravat; in *Timeless* (S1E4 24:20-29:06, 33:09-45), Ian Fleming takes Lucy to a 1941 Nazi event at an actual German castle to find a scientist. Finally, Plaintiff alleges that the "Team is Locked in a Secretive, Secured Headquarters," but in *Shift*, ChronoShift's headquarters is known to Rialto and is a "supreme bachelor pad" in Boston with a "homey look" and many amenities, where the members voluntarily stay (S213, S239, C73). That is entirely different from the secret, concrete government bunker, to which Agent Christopher relocates and confines the Lifeboat team in S2E1 (2:57-6:43).

***Mood and Pace.*** Plaintiff's Books and their message are more philosophical, spiritual, and serious. Plaintiff's Books also develop much more slowly. *Shift* narrates in great detail how Mark discovers the shifters, learns their capabilities and limitations, meets Hardy and Ty, and forms ChronoShift. *Chase* describes the numerous tactical battles between the sides and "re-dos" of those events, then focuses on the Abigail Cooper and Middle Ages England storylines. *Turn* narrates the long, multi-step journey in search of the Ark, concluding with a scene of

Mark's death. While the storyline develops slowly, each Book involves many more shifts, as the characters can shift on a dime, and back and forth to the same event.

*Timeless* is a lighter popcorn adventure, with the characters frequently making ironic asides and modern-day pop-cultural references while in the past, such as calling themselves Nurse Jackie and Dr. Dre (S1E1 20:20-28). *Timeless* develops much faster, introducing the main characters and jumping into the first mission in the Pilot. However, the characters do not rapidly jump back and forth in time; each episode involves a conflict and resolution relating to a particular historical event. The mood and pace are markedly different from Plaintiff's Books. *See Herzog v. Castle Rock Entm't,* 193 F.3d 1241, 1260 (11th Cir. 1999) (no substantial similarity; one work was "much more thoughtful and reflective" with a slower pace); *Marcus v. ABC Signature Studios, Inc.*, 279 F. Supp. 3d 1056, 1071 (C.D. Cal. 2017) (same; one work had more "emphasis on religion" in dealing with racism, and the other was much more "light-hearted"); *Heusey*, 2015 WL 12765115, at *8-9 (same; mood flowing from story about wars and revenge not protectable, and one work often "jump[ed] backward and forward in time several times within a single page" while the other had typically much longer scenes).

**Other Random, Scattered Alleged Similarities.** The Complaint alleges similarities of random, minor elements, plucked from the 960 pages of Plaintiff's three Books and the 20 hours of *Timeless's* 26 episodes and Finale. However, such lists of "random similarities scattered throughout the works" are "inherently subjective and unreliable," *Litchfield v. Spielberg*, 736 F.2d 1352, 1356 (9th Cir. 1984), and do "not justify a finding of substantial similarity," *Cavalier*, 297 F.3d at 825. *See Wild*, 513 F. App'x at 641-42 ("'random similarities scattered throughout the works' . . . are insufficient to support a claim of substantial similarity"). Moreover, Plaintiff describes the works in abstract ways that distort them and "obfuscate[] the radical differences in the two works' expression." *Wild*, 2011 WL 13272427, at *11. Plaintiff alleges there is a "Call-Girl Double Cross," but Laura,

Mitchell
Silberberg &
Knupp LLP

13151315.8

**DEFENDANTS' 12(B)(6) MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE**

the ex-lover of Mark and Hardy, joining Rialto to get her own shifter (S224-38, 264-67, C60-64), is not at all similar to minor character Judith Campbell (not a call girl but JFK's mistress staying in Vegas) getting keys from a general for Flynn, to retrieve photos of her and JFK (S1E3 5:35-6:17, 14:26-15:48, 23:35-27:10). Plaintiff alleges there is a "Mexican Battle," but there is no similarity in idea or expression between Mark, Hardy, and Ty freeing two kidnapped teenage girls from a drug cartel in 2010 Juarez (S218-23) and the Lifeboat team helping women and children escape the Alamo before General Santa Anna's men attack in 1836 (S1E5 33:05-53). The same is true of the other random alleged similarities in Exhibit 2.[14]

---

[14] "Time-travel armory": Having appropriate clothing is a basic idea necessary to blend in while time-traveling, and the preexisting "wardrobe dock" in *Timeless* is a minor element (S1E4 3:48-4:47). *Shift* (S169-74) details how Mark hires a costume-maker, coin specialist, metallist, artisans, and historians to make costumes, coins, tools, weapons, and manuals for each period since 1500. This leads to Mark meeting Savannah and Rialto uncovering Mark's secret (S246-50).
- "Captured & Tied": In *Shift* (S298-99, 301-04, 308-11), Rialto tricks Mark into shifting to the date of the Lincoln assassination and Ty to the Kennedy assassination, where they are separately captured and prepared for execution. In *Timeless* S1E6 (6:55-10:58), Flynn goes to 1972 to obtain the gap in the Watergate tapes. He captures the team, compels Lucy and Rufus to assist his campaign against Rittenhouse, and notes they are in the hotel room where the team stayed during an earlier trip in which Flynn tried to kill other leaders along with Lincoln.
- "Betrayal & Team Dynamics": In *Shift* (S264-67), Mark and Hardy get into a physical altercation after Laura leaves Mark for Hardy. In *Timeless* S1E6 (37:01-15), Wyatt tells Rufus and Lucy he does not trust them after learning that Rufus has been spying for Rittenhouse and Flynn has a journal with Lucy's handwriting.
- "18th Century War & Capture": In *Chase* (C19-39), British sailors knock out Mark and Hardy in a tavern and put them on a ship during the War of 1812. In *Timeless* S1E7 (0:04-51), the French Army mistakes the Lifeboat team for British spies in 1754 during the French-Indian War.
- Interactions with Native Americans during major war": In *Chase* (C95-129, 238-55), Mark and others fend off Native American uprisings in 1670s New England. In *Timeless* S1E7 (20:20-23:51), a Native American chieftain spares the team at Rufus's plea, after capturing them in 1754 during the French-Indian War.
- "Debating Pre-Emptive Killing": In *Chase* (C198-201), Ty has saved a buddy in Vietnam who became a child molester. Ty decides to return to Vietnam to kill him, but wonders if he is justified in killing someone who has not committed any crimes yet. That is not similar to the Lifeboat team discussing whether they should help Flynn in his plan to kill David Rittenhouse to stop the formation of the cabal in S1E10 (23:27-25:20). Rufus and Wyatt agree because it is just one man; Lucy is concerned that history will change and more people may vanish.
- "Character unable to shoot underage victim" and "Planning to kill killer's parent(s)": In *Shift* (S86-87), Mark cannot bring himself to shoot the drunk driver's father in 1959 when he is 17. There is no similarity to: (i) Flynn steeling himself to kill the young son of Rittenhouse's founder in 1780, but the boy escaping after

Nor is Plaintiff helped by alleging that some basic concepts purportedly in Plaintiff's Books and *Timeless* do not all appear in "other time travel genre works." *See* Compl. Ex. 3. Plaintiff "cannot claim an exclusive right to ideas or concepts at that level of generality, even in combination." *Rentmeester*, 883 F.3d at 1123. Moreover, many of the concepts are not actually in both sets of works.[15] The

_____

Lucy interrupts (S1E10 38:56-41:21); or (ii) Flynn telling Wyatt the name of his wife's murderer and saying that, because Wyatt cannot go back to a time he already exists, he would have to go back further and maybe do something terrible to the man's parents—which Wyatt never plans to do (S1E11 40:44-42:05).

- "Woman Living in a Cabin Alone in the Woods, in the Past" and "They Bring the Woman to Modern Times": Abigail in *Chase* (C95-97, 106-113) is a 1600s Puritan who protects her village. Mark brings her to the present, but she later returns to her time (C130-35, 190-94). Emma in *Timeless* (S1E12 28:00-30:49) is an ex-Mason Industries pilot from the present who has been hiding in the 1880s. The Lifeboat team does not bring her back; she joins Flynn on the Mothership.
- "Woman formerly allied with good guys switches sides": Emma is never allied with the Lifeboat team; she has always been a secret Rittenhouse agent and is its last-defeated member (S1E12 27:58-29:36; S2E1 11:25-50; Finale pt.1 4:32-5:25, pt.2 23:38-26:00). Laura is the ex-lover of Mark and Hardy; she joins Rialto enticed by the shifter, but renounces him after meeting Jesus (C60-64, T281-83).
- "Who Recruits Who?" and "Recruiting a Team Member's Past Self": In *Shift* (S89, S96), Hardy shows up at a diner, asks Mark if he's given up on his children yet, and gives him slips of paper with meeting locations. Hardy and Ty recruit and train Mark, but then disappear (S98-167). Mark forms ChronoShift, and recruits Hardy from 1983 and Ty from 1968 (S168-207). In *Turn* (T340-42), Mark instructs Hardy and Ty exactly what to do to recruit him. In *Timeless*, Flynn does not recruit Lucy to the Lifeboat team. He shows Lucy her journal to persuade her he is not evil (S1E1 36:02-57). In the Finale pt.2 (37:22-40:24), she gives her journal to Flynn in 2014 Brazil so he can start his mission against Rittenhouse.
- "Visions of Future Destruction" and "Dreams from God foretelling the future: In *Chase* (C97-99), Mark has recurring dreams of a woman running from a burning village in 1600s Massachusetts. In *Timeless*, supporting character Jiya has premonitions while awake of various events in Rufus's future, including his death in a scene involving cowboys (S1E16 33:11-37, S2E1 2:32-50, S2E2 2:54-4:10, S2E4 4:18-6:00, S2E6 41:03-58), and minor character Harriet Tubman tells Rufus that she had divine visions foretelling their arrival on the Lifeboat (S2E9 34:42-35:17). "The concept of a hero who sees visions and uses them to help people is unoriginal and unprotected." *Davis*, 2010 WL 2998476, at *7.
- "Protagonists pretends to be master of African American during Civil War": In *Shift* (S130-43), Ty and Mark travel to save Ty's ancestor, and Ty insists on acting as Mark's slave. In *Timeless* S2E9 (18:38-19:11, 26:10-28:38), the team must stop Rittenhouse's plan for the Confederacy to win the Civil War. Wyatt attends a party as "Rhett Butler" without pretending to have any connection to Rufus. Rufus separately enters as a "house slave," at Harriet Tubman's insistence.

[15] These include: Travel to Any Time Desired (in *Timeless*, travel is not at will and Lifeboat pursues Mothership); Easy Return to Home Year (Lifeboat at times breaks down); Science Unexplained (above); Nausea After Time Travel (above); Travelers Avoid Meeting Past Selves (above); Circular Recruiting (above); Battles

cherry-picked list also ignores most of the concepts (and the expression) of both sets of works, and relies on random alleged similarities. Indeed, one cannot discern from Exhibit 3 what the basic story of any work is. As the extrinsic analysis shows, *Timeless* and Plaintiff's Books are remarkably different in the "*particular* way in which the artistic elements form a coherent pattern, synthesis, or design." *Skidmore*, 952 F.3d at 1074. Plaintiff "cannot establish substantial similarity by reconstituting the copyrighted work as a combination of unprotectable elements and then claiming that those same elements also appear in the defendant's work, in a different aesthetic context." *Id.* at 1075; *see Masterson*, 821 F. App'x at 782. In sum, *Timeless* "cannot as a matter of law be found substantially similar to" Plaintiff's Books in protected expression. *Rentmeester*, 883 F.3d at 1123.

## V.   PLAINTIFF HAS FAILED TO PLEAD OTHER ELEMENTS

Plaintiff's claim fails as to all Defendants also because the Complaint offers nothing more than "mere speculation or conjecture" that Defendants had access to Plaintiff's Books prior to creating *Timeless*, which is insufficient as a matter of law. *Schkeiban v. Cameron*, 2012 WL 12895721, at *1 (C.D. Cal. July 20, 2012). Plaintiff asserts that Mr. Kripke had access because Universal Pictures used *Shift* as a set dressing on a film called *Endless Love,* that this unrelated film was co-produced by Fake Empire, and Fake Empire worked on unrelated shows with two people who later worked on *Timeless. See* Compl. ¶¶28-50 & Ex. 1. However, that someone at one company had *Shift* is legally inadequate to show access by other

---

w/ Time-Travel Assassins (above); 3 Assassins (above); Assassins Gain Ability by Stealing Device from Good Guys (above); Can Track Other Travelers Through Time (above); Time Travel Armory (above); Mysterious Force of Fate Frustrate Efforts (above); Debates of Pre-Emptive Killing (above); Fate Stops Saving of Loved Ones (above); Protagonist Betrayed by Wife (above); Private Time Travel Company (above); Secret, Fortified Headquarters (above); Historical Sleeper Agents (Plaintiff's Books do not have sleeper agents who are planted and assimilate for years); Protagonist Resolves Himself to God (above); Main Character–Special Forces (above); Main Character–Female Historian (above); Latin-Descent Assassin (above); Call Girl Who Betrays (above); Travel to Kennedy Assassination (not in *Timeless*); Travel to 1930's (above); Party in a Castle-Like Home in the 1930's (above); Black Team Member Killed by Assassins (above); Black Team Member Cannot Be Saved (above).

1    employees, much less by a second company and then by anyone who worked with

2    that second company. *See Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016)

3    (receipt of plaintiff's work by an individual who shares a common employer with

4    the alleged copier insufficient); *Schkeiban*, 2012 WL 12895721, at *1 (allegation

5    that plaintiff gave his work to someone who knew defendant insufficient to plead

6    access). Plaintiff also alleges that his three Books together sold 50,000 copies.

7    Compl. ¶11. But even if 17,000 copies of each Book were sold before *Timeless*'s

8    creation, that would not constitute access as to any one of them. *See Rice v. Fox

9    Broad. Co.*, 330 F.3d 1170, 1178 (9th Cir. 2003) (sale of 17,000 copies of a single

10   work insufficient), *overruled on other grounds by Skidmore*, 952 F.3d 1051.[16]

11       Furthermore, Plaintiff's claim fails against SPE and NBCU because Plaintiff

12   has (again) failed to allege facts plausibly showing that they copied his Books. *See

13   In re iPhone App. Litig*., 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011)

14   ("generalized allegations against Defendants as a whole" insufficient).

15   ## VI.    AMENDMENT WOULD BE FUTILE

16       Where substantial similarity is absent, courts dismiss infringement claims

17   with prejudice. *See* cases cited *supra* n. 6. No new allegations could change the

18   "dispositive fact" that *Timeless* is, as a matter of law, not substantially similar to

19   Plaintiff's Books, so "amending the complaint would . . . be[] futile." *Rentmeester*,

20   883 F.3d at 1125. The Complaint should be dismissed with prejudice.

21   DATED: June 11, 2021                    MITCHELL SILBERBERG & KNUPP LLP

22                                           By: /s/ Elaine K. Kim

23                                               Elaine K. Kim
                                                 Attorneys for Defendants

---

24   [16] Plaintiff alternatively speculates that Mr. Kripke got the Books from producer

25   Mike Richardson, because Mr. Kripke developed a 2003 *Tarzan* TV show and Mr.
     Richardson was an Executive Producer on the 2016 film *Legend of Tarzan*. Compl.

26   ¶¶54-57. But for access, the "'dealings between the plaintiff and the intermediary
     and between the intermediary and the alleged copier must involve some overlap in

27   subject matter,'" such as where the intermediary worked on the defendant's
     project. *Loomis*, 836 F.3d at 995; *see Panton v. Strong*, 2018 WL 5099666, at *3

28   (C.D. Cal. Mar. 14, 2018) (failure to plead access compelled dismissal); *Griffin v.
     Peele*, 2018 WL 5117555, at *5-6 (C.D. Cal. Jan. 18, 2018) (same).