UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN ZACK MASON,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>SONY PICTURES ENTERTAINMENT INC., et al.,<br><br>　　　　　　Defendants. | Case No. 2:21-cv-03786-FLA (JCx)<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS [DKT. 19]** |

## **RULING**

Before the court is Defendants Sony Pictures Entertainment Inc. ("Sony Entertainment"), Sony Pictures Television Inc. ("Sony TV"), NBCUniversal Media, LLC ("NBC"), and Kripke Enterprises' ("Kripke") (collectively, "Defendants") Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion"). Dkt. 19 ("Mot."). Plaintiff Bryan Zack Mason ("Plaintiff" or "Mason") opposes the Motion. Dkt. 26 ("Opp."). On August 16, 2021, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for August 20, 2021. Dkt. 33; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

///

For the reasons stated herein, the court GRANTS IN PART Defendants' Motion.

### BACKGROUND[1]

This is an action for copyright infringement. Plaintiff is a self-published author who has written several books ranging in genre from mystery thrillers to science fiction and fantasy. Compl. ¶ 2. From 2011 to 2012, he published a three-book series he authored known as *The Chronoshift Trilogy*, a work of science fiction and fantasy. *Id.* ¶¶ 3-7, 9. On December 14, 2011, Mason published the first book, *Shift*. *Id.* ¶ 4. On May 21, 2012, he published the second book, *Chase*. *Id.* ¶ 5. On July 12, 2012, Mason published the final book, *Turn*. *Id.* ¶ 6. Plaintiff has sought and obtained a copyright for each book. *Id.* ¶¶ 23-25. *The Chronoshift Trilogy* was published on Amazon.com and sold 50,000 copies. *Id.* ¶¶ 8, 11. The trilogy was also distributed through Ingram Book Distributors, a national book distributor for all major bookstores. *Id.* ¶ 8.

In 2016, the first episode of the television show *Timeless* was released. *Id.* ¶ 59. *Timeless* was written and produced by Eric Kripke,[2] Matt Whitney ("Whitney"), and Anne Cofell Saunders ("Saunders"). *Id.* ¶¶ 22, 44-49. Plaintiff alleges *Timeless* copied *The Chronoshift Trilogy* and the protectable expression contained within it, pointing to numerous alleged similarities. *See id.* ¶¶ 63-142; Dkt. 17-2 (Ex. 2 to Complaint) (chart of approximately 50 alleged similarities between *Timeless* and *The Chronoshift Trilogy*). For example, in both works:

---

[1] On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *E.g.*, *Schueneman v. Arena Pharms., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016). Accordingly, the court accepts as true the allegations from the Corrected Complaint. *See* Dkt. 17 ("Compl.").

[2] Defendant Kripke Enterprises is Eric Kripke's television production company. Compl. ¶ 22.

- The plot centers around a team of three people who travel through time fighting assassins and altering historical events. Compl. ¶¶ 65, 69.
- The main protagonist is a special forces operative. *Id.* ¶¶ 66, 70.
- Two supporting protagonists include a female historian and a Black male who confronts racism when traveling back in time. *Id.* ¶¶ 67-68, 71-72.
- The main protagonist is broken over the past death of family member(s) and wants to use time travel to save them. *Id.* ¶¶ 81-82.
- In one of the first time travels of the book/television series, the team travels to the depression era. *Id.* ¶¶ 103-104.
- The team travels to the assassination of President Lincoln. *Id.* ¶¶ 105-106.
- The lead protagonist and female historian develop a romance. *Id.* ¶¶ 113-114.
- The team travels to the Civil War era, where the Black protagonist pretends to be a slave and the main protagonist pretends to be his owner. *Id.* ¶¶ 117-118.
- The team travels to the past, finds a young woman surviving in a cabin in the woods, and brings the woman to modern times. *Id.* ¶¶ 121-122.
- The Black protagonist is killed, and the team tries to go back in time to save him. *Id.* ¶¶ 125-128.
- The main protagonist saves a stripper (in *Shift*) or Vegas girl (in *Timeless*), who "double crosses him, joins the assassins, and is held there by extortion." *Id.* ¶¶ 135-136.

Plaintiff also notes his last name is Mason, and that a company called "Mason Industries" plays a role in time travel in *Timeless*. *Id.* ¶¶ 79-80.

      Beyond the *The Chronoshift Trilogy*'s publication on Amazon and distribution through Ingram Book Distributors, Plaintiff alleges two additional theories that Defendants had access to his trilogy during the development of *Timeless*. *Id.* ¶¶ 27-62. First, Plaintiff notes Saunders, a writer for *Timeless*, had worked for a company named Fake Empire, which produced the movie *Endless Love* with NBC. *Id.* ¶¶ 28, 33, 35. In 2013, Plaintiff had granted NBC permission to use physical copies of *Shift*

in the background of a scene in *Endless Love*. *Id.* ¶¶ 28-29, 32. Thus, on Plaintiff's information and belief, Saunders had access to *The Chronoshift Trilogy* as a result of her connection with Fake Empire. *Id.* ¶ 50.

Second, Plaintiff notes that in 2014, he decided to adapt *The Chronoshift Trilogy* into a film. *Id.* ¶ 51. As a result, producer Mike Richardson ("Richardson") was supplied with physical copies of *Shift*, *Chase*, and *Turn*. *Id.* ¶ 54. Richardson was a producer of the 2016 film *Legend of Tarzan*, and consulted with Defendant Kripke in the process because Kripke had written and developed the *Tarzan* television series released in 2003. *Id.* ¶¶ 56-60. Plaintiff pleads upon information and belief that Kripke obtained copies of or knowledge of *The Chronoshift Trilogy* from Richardson. *Id.* ¶ 61.

## DISCUSSION

### I. Legal Standards

#### A. Fed. R. Civ. P. 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"), a party may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." The purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of claims asserted in a complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). A district court properly dismisses a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts "to state a cognizable legal theory." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter … to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (internal citations omitted). When evaluating a complaint under Rule 12(b)(6), the court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex*, 824 F.3d at 1159. Legal conclusions, however, "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### B. Copyright Infringement

Copyright infringement claims have two basic elements: (1) ownership of a valid copyright,[3] and (2) copying of protected aspects of the work. *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc). "The second prong of the infringement analysis contains two separate components: 'copying' and 'unlawful appropriation.'" *Id.* For copying, the plaintiff must show either direct evidence of copying, or that defendants had access to his work and the works share similarities probative of copying. *Id.* "On the other hand, the hallmark of 'unlawful appropriation' is that the works share *substantial* similarities." *Id.* (emphasis in original).

## II. Analysis

Here, Defendants argue (1) Plaintiff does not plausibly allege Defendants had access to his trilogy prior to the creation of *Timeless*, (2) *The Chronoshift Trilogy* and *Timeless* are not substantially similar as a matter of law, and (3) Defendants Sony Entertainment and NBC should be dismissed because Plaintiff fails to plead facts showing they engaged in any allegedly infringing conduct relating to *Timeless*. *See generally* Mot. The court considers each argument in turn.

///
///

---

[3] The parties do not dispute Plaintiff's books have valid copyright registrations.

5

### A. Access

"Access is proven when the plaintiff shows that the defendant had an opportunity to view or to copy plaintiff's work." *Sid and Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1172 (9th Cir. 1977), *overruled on other grounds by Skidmore*, 952 F.3d at 1069. "[A] plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009). Where there is no direct evidence of access, circumstantial evidence can be used to prove access either by (1) showing that the plaintiff's work has been widely disseminated, or (2) establishing a chain of events linking the plaintiff's work and the defendant's access. *Id.* "The evidence required to show widespread dissemination will vary from case to case." *Loomis v. Cornish*, 836 F.3d 991, 997 (9th Cir. 2016) (quoting *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 847 (9th Cir. 2012)) (internal quotation marks omitted). "In most cases, the evidence of widespread dissemination centers on the degree of a work's commercial success and on its distribution through radio, television, and other relevant mediums." *Id.*

Here, the court finds Plaintiff has plausibly pleaded access by widespread dissemination. Plaintiff alleges 50,000 copies of his books were sold on Amazon alone, and that they were also "distributed through Ingram Book Distributors, [a] national book distributor for all major bookstores." Compl. ¶¶ 8, 11. Accordingly, there is a "reasonable possibility" that Defendants had a chance to read the trilogy. *See Art Attacks*, 581 F.3d at 1143.

Defendants cite *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1178 (9th Cir. 2003), *overruled on other grounds by Skidmore*, 952 F.3d at 1069, for the proposition that sale of 17,000 copies of a single work is insufficient to show widespread dissemination. Plaintiff, however, alleges he sold significantly more copies, and Defendants do not address that Plaintiff also alleges the books were distributed

through Ingram.[4]  Moreover, although Plaintiff's chain-of-events theories are tenuous, in combination, they further reinforce that Defendants had a reasonable possibility of accessing *The Chronoshift Trilogy*.  The court, therefore, DENIES Defendants' Motion to Dismiss on this basis.

### B. Substantial Similarity[5]

The Ninth Circuit employs a two-part test to determine whether a defendant's work is substantially similar to a plaintiff's copyrighted work.  *Skidmore*, 952 F.3d at 1064.  "The first part, the extrinsic test, compares the objective similarities of specific expressive elements in the two works. … The second part, the intrinsic test, tests for similarity of expression from the standpoint of the ordinary reasonable observer, with no expert assistance."  *Id.* (citation and quotation marks omitted).  "Only the extrinsic test's application may be decided by the court as a matter of law … so that is the only test relevant … on a motion to dismiss."  *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1118 (9th Cir. 2018), *overruled on other grounds by Skidmore*, 952 F.3d at 1069.

Under the extrinsic test, "the court must 'filter out' the unprotectable elements of the plaintiff's work—primarily ideas and concepts, material in the public domain, and *scenes à faire* (stock or standard features that are commonly associated with the treatment of a given subject)."  *Id.*; *see also Mattel, Inc. v. MGA Entm't, Inc.*, 616

---

[4] Copyright law experts Melville and David Nimmer have also opined that *Rice* was incorrectly decided.  *See* 4 Nimmer on Copyright § 13D.05 (2022) ("Given that access merely denotes that defendant had a reasonable opportunity to view plaintiff's work, this conclusion [that the sale of 17,000 copies does not amount to widespread dissemination] would seem mistaken.  Further, the opinion rooted its conclusion in an erroneous application of the inverse ratio rule, which it read as demanding a 'high degree of access.'").

[5] Defendants request the court take judicial notice of 28 episodes of *Timeless*, as well as Plaintiff's trilogy, to assess substantial similarity.  Dkt. 20.  The court declines to spend its limited time and resources watching two seasons of television and reading three novels.  Instead, as described *infra*, the court finds that even adopting Defendants' characterization of the works at issue, the court cannot decide substantial similarity as a matter of law on the present Motion.

7

F.3d 904, 917 (9th Cir. 2010) ("'Substantial similarity' for copyright infringement requires a similarity of expression, not ideas."). Thereafter, the court compares the protectable elements to corresponding elements of the defendant's work to "assess similarities in the objective details of the works." *Rentmeester*, 883 F.3d at 1118. In cases involving novels and television shows, the test compares protectable elements, such as "plot, themes, dialogue, mood, setting, pace, characters, and sequence of events." *See id.* at 1118-19 (cleaned up).

On the present Motion, the court cannot state as a matter of law that *The Chronoshift Trilogy* and *Timeless* are not substantially similar. Even assuming Defendants' descriptions of the two works in their Motion are accurate, certain overlapping details in protectable elements—such as the characteristics of the protagonists and travel to certain historical events or eras—prevent the court from deciding substantial similarity as a matter of law at this stage. Moreover, determination of substantial similarity often requires expert testimony and detailed analysis of the facts. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2004) ("The extrinsic test often requires analytical dissection of a work and expert testimony.").

Thus, courts frequently do not resolve substantial similarity on a pre-trial motion as a matter of law. *See, e.g.*, *Prunte v. Universal Music Group*, 484 F.Supp.2d 32, 41 (D.D.C. 2007) ("Substantial similarity is a question that should be decided either by a factfinder at trial or, in some cases, in the context of a motion for summary judgment, not on a motion to dismiss for failure to state a claim under Rule 12(b)(6)"); *L.A. Printex*, 676 F.3d at 848 ("Summary judgment is 'not highly favored' on questions of substantial similarity in copyright cases." (citation omitted)); *Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 985 (9th Cir. 2017) ("Because substantial similarity is usually an extremely close issue of fact, summary judgment has been disfavored in cases involving intellectual property." (cleaned up)). Accordingly, the court DENIES the Motion.

### C. Sony Entertainment and NBC

Finally, Defendants argue Sony Entertainment and NBC should be dismissed from this action because the Complaint does not contain any allegations that they engaged in infringing conduct related to *Timeless*. The court agrees the Complaint lacks any specific facts regarding Sony Entertainment and NBC's role in the alleged infringement. *See generally* Compl. Moreover, as Plaintiff does not address Defendants' argument, he has waived any opposition to it. *See Maldonado v. City of Ripon*, No. 2:17-cv-00478-TLN (KJN), 2021 WL 2682163, at *3 (E.D. Cal. June 30, 2021) (dismissing a defendant where plaintiff failed to address arguments regarding that defendant, as plaintiff thereby conceded the arguments); *Hakakha v. CitiMortgage, Inc.*, Case No. 15-cv-01320-JGB (SPx), 2015 WL 4873561, at *8 (C.D. Cal. Aug. 13, 2015) (dismissing claims that plaintiff failed to address). Thus, the court GRANTS Defendants' Motion with respect to Sony Entertainment and NBC, with 7 days' leave to amend.

### CONCLUSION

The court GRANTS Defendants' Motion to Dismiss (Dkt. 19) as to Defendants Sony Entertainment and NBC only, with 7 days' leave to amend. Should Plaintiff fail to file an amended Complaint by this deadline, an Answer shall be filed 14 days thereafter.

IT IS SO ORDERED.

Dated: July 5, 2022

FERNANDO L. AENLLE-ROCHA
United States District Judge