1   ELAINE K. KIM (SBN 242066)
      ekk@msk.com
2   MITCHELL SILBERBERG & KNUPP LLP
    2049 Century Park East, 18th Floor
3   Los Angeles, CA  90067-3120
    Telephone: (310) 312-2000
4   Facsimile: (310) 312-3100

5   Attorneys for Defendants Sony Pictures
    Entertainment Inc., Sony Pictures Television
6   Inc., NBCUniversal Media, LLC, and Kripke
    Enterprises
7

8               UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11  BRYAN ZACK MASON,                 CASE NO. 2:21-cv-03786-FLA (JCx)

12            Plaintiff,              Honorable Fernando L. Aenlle-Rocha

13       v.                           **DEFENDANTS' ANSWER TO
                                      FIRST AMENDED COMPLAINT**
14  SONY PICTURES
    ENTERTAINMENT INC., SONY
15  PICTURES TELEVISION INC.,
    NBCUNIVERSAL MEDIA, LLC,
16  AND KRIPKE ENTERPRISES,

17            Defendants.

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

14381555.3/47852-00005

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

1    Defendants Sony Pictures Entertainment Inc. ("SPE"), Sony Pictures

2   Television Inc. ("SPT"), NBCUniversal Media, LLC ("NBCU"), and Kripke

3   Enterprises ("Kripke") (collectively, "Defendants") hereby answer the First

4   Amended Complaint ("FAC") of plaintiff Bryan Zack Mason ("Plaintiff") as

5   follows:

6                    **SUMMARY OF THE ACTION**[1]

7        1.    Defendants admit that Plaintiff purports to assert a claim under the

8   Copyright Act.  Except as specifically admitted, Defendants deny the allegations in

9   Paragraph 1, and further specifically deny that Defendants copied, distributed, or

10   otherwise violated Plaintiff's alleged exclusive rights in any works.

11        2.    Defendants lack knowledge or information sufficient to form a belief

12   as to the truth of the allegations in Paragraph 2 and on that basis deny them.

13        3.    Defendants lack knowledge or information sufficient to form a belief

14   as to the truth of the allegations in Paragraph 3 and on that basis deny them.

15        4.    Defendants lack knowledge or information sufficient to form a belief

16   as to the truth of the allegations in Paragraph 4 and on that basis deny them.

17        5.    Defendants lack knowledge or information sufficient to form a belief

18   as to the truth of the allegations in Paragraph 5 and on that basis deny them.

19        6.    Defendants lack knowledge or information sufficient to form a belief

20   as to the truth of the allegations in Paragraph 6 and on that basis deny them.

21        7.    Defendants lack knowledge or information sufficient to form a belief

22   as to the truth of the allegations in Paragraph 7 and on that basis deny them.

23        8.    Defendants lack knowledge or information sufficient to form a belief

24   as to the truth of the allegations in Paragraph 8 and on that basis deny them.

25

26

27   [1] The headings as stated in the FAC are included herein solely for reference and
convenience purposes.  To the extent that such headings constitute or contain
28   allegations that require a response, Defendants expressly deny the allegations set
forth in each and every heading.

Mitchell
Silberberg &
Knupp LLP

14381555.3/47852-00005

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

9.     Defendants aver that the content of the works referenced in the First Amended Complaint as *The Chronoshift Trilogy* speak for themselves.  Defendants incorporate and refer to the Copyright Office deposit copies of *Shift*, *Chase*, and *Turn* for a full and accurate record of their contents, and deny any allegations in Paragraph 9 inconsistent therewith.

10.     Defendants aver that the content of the works referenced in the First Amended Complaint as *The Chronoshift Trilogy* speak for themselves.  Defendants incorporate and refer to the Copyright Office deposit copies of *Shift*, *Chase*, and *Turn* for a full and accurate record of their contents, and deny any allegations in Paragraph 9 inconsistent therewith.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis deny them.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis deny them.

13.     Defendants deny the allegations in Paragraph 13.

14.     Defendants aver that the article referenced in Paragraph 14 speaks for itself.  Defendants incorporate and refer to such article for a full and accurate record of its content, and deny all allegations in Paragraph 14 inconsistent therewith.  Defendants specifically deny that the article refers to "NBCUniversal Media, LLC" and otherwise deny the allegations in Paragraph 14.

15.     SPT and Kripke admit that they were involved in the production of *Timeless* and that Eric Kripke co-created *Timeless*.  SPT and Kripke further admit that the first and last episodes of *Timeless* aired for the first time on October 3, 2016 and December 20, 2018, respectively.  Except as specifically admitted, SPT and Kripke deny the allegations in Paragraph 15.  SPE and NBCU deny that they created, produced, and/or distributed the first (or any other) episode of *Timeless*, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and on that basis deny them.

**JURISDICTION AND VENUE**

16.     Defendants admit that Plaintiff purports to assert a claim under the Copyright Act, but deny that Defendants are liable and that Plaintiff is entitled to any relief whatsoever.

17.     Defendants admit that this Court has subject matter jurisdiction over Plaintiff's claim in this action pursuant to 28 U.S.C. §§ 1331, 1338(a).

18.     Defendants admit that this Court has personal jurisdiction over Defendants for purposes of this action.  Except as specifically admitted, Defendants deny the allegations in Paragraph 18.

**DEFENDANTS**

19.     SPE admits the allegations in Paragraph 19, and further avers that SPE is an indirect subsidiary of Sony Corporation.  SPT, NBCU, and Kripke lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis deny them.

20.     SPE admits that SPE is a U.S. corporation whose global operations include the production, acquisition, and distribution of filmed entertainment (*e.g.*, theatrical motion pictures and television programs) across various distribution platforms.  Except as specifically admitted, SPE denies the allegations in Paragraph 20.  SPT, NBCU, and Kripke lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis deny them.

21.     SPE and SPT admit that SPE is the parent corporation of SPT.  Except as specifically admitted, SPE and SPT deny the allegations in Paragraph 21.  NBCU and Kripke lack knowledge or information sufficient to form a belief as to such allegations and on that basis deny them.

22.     SPT admits the allegations in Paragraph 22.  SPE, NBCU, and Kripke lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 and on that basis deny them.

23.     SPT admits that it is one of the television industry's leading content providers, and that it operates a portfolio of wholly-owned and joint-venture production companies across the U.S., Europe, Latin America, and Asia Pacific and manages one of the industry's largest libraries of award-winning feature films, television shows, and formats.  Except as specifically admitted, SPT denies the allegations in Paragraph 23.  SPE, NBCU, and Kripke lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 and on that basis deny them.

24.     SPT and Kripke admit that SPT was involved in the production and development of *Timeless*.  Except as specifically admitted, SPT and Kripke deny the allegations in Paragraph 24.  SPE and NBCU lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 and on that basis deny them.

25.     NBCU admits the allegations in Paragraph 25, except that the alleged address for NBCU's registered agent is inconsistent with that provided in the California Secretary of State's online records.  SPE, SPT, and Kripke lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 and on that basis deny them.

26.     NBCU admits that it is an indirect subsidiary of Comcast Corporation and that it is one of the world's leading media and entertainment companies in the development, production, and marketing of entertainment, news, and information to a global audience.  Except as specifically admitted, NBCU denies the allegations in Paragraph 26.  SPE, SPT, and Kripke lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 26 and on that basis deny them.

27.     SPT, NBCU, and Kripke deny the allegations in Paragraph 27.  SPE lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 and on that basis denies them.

28.     Kripke admits that it is a production company and that its Chief Executive Officer, Eric Kripke, is a writer, director, and producer and was a writer and producer of *Timeless*.  Kripke further admits that Eric Kripke resides in Los Angeles California.  Except as specifically admitted, Kripke denies the allegations in Paragraph 28.  SPT admits that Eric Kripke was involved in the writing and production of *Timeless*, but lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 and on that basis denies them.  SPE and NBCU lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 and on that basis deny them

29.     SPT and Kripke admit that Kripke was involved in the production and development of *Timeless*.  Except as specifically admitted, SPT and Kripke deny the allegations in Paragraph 29.  SPE and NBCU lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 and on that basis deny them.

## THE COPYRIGHTED WORKS AT ISSUE

30.     Defendants aver that Plaintiff previously filed a purported printout of a record in the United States Copyright Office's public catalog bearing Registration Number "TX0008007061" (Dkt. No. 1-1, p. 4), which lists "Shift: Book 1 - ChronoShift Trilogy" as the title of the work; "Zack Mason" as the author of the work; and "2014-11-14" as the registration date.  Except as specifically alleged, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis deny them.

31.     Defendants aver that Plaintiff previously filed a purported partial copy of a certificate of copyright registration bearing registration number "TX 8-828-141" (Dkt. No. 1-1, p. 3), which lists "Chase (Book 2 - ChronoShift Trilogy)" as the title of the work; "Zack Mason" as the author of the work; and "December 20, 2019" as the effective date of registration.  Except as specifically alleged,

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis deny them.

32.     Defendants aver that Plaintiff previously filed a purported partial copy of a certificate of copyright registration bearing registration number "TX 8-829-569" (Dkt. No. 1-1, p. 2), which lists "Turn (Book 3 - ChronoShift Trilogy)" as the title of the work; "Zack Mason" as the author of the work; and "December 20, 2019" as the effective date of registration.  Except as expressly alleged, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis deny them.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis deny them.

## DEFENDANTS' ACCESS TO THE WORKS

34.     The allegations in Paragraph 34 contain legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 34.

35.     NBCU denies that it produced *Endless Love*, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 and on that basis denies them.  SPE, SPT, and Kripke lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and on that basis deny them.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and on that basis deny them.

37.     Defendants aver that Exhibit 1 contains a purported copy of correspondence by and between Plaintiff and an individual named Jon Kovel, the content of which is set forth therein and speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Exhibit 1 is a "true and correct cop[y]" of such correspondence.  Defendants

incorporate and refer to Exhibit 1 for a full and accurate record of its content, and deny any allegations in Paragraph 37 inconsistent therewith.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and on that basis deny them.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and on that basis deny them.

40.     Defendants allege that Fake Empire is listed as one of the "Production Companies" for *Endless Love* on IMDb, available at https://www.imdb.com/title/tt2318092/companycredits/ (last accessed July 19, 2022).  Except as specifically alleged, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and on that basis deny them.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and on that basis deny them.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and on that basis deny them.Fake Empire employed Matt Whitney and Anne Cofell Saunders for *Chuck*.

43.     Defendants allege that Matt Whitney is listed as "writing assistant (uncredited) (2 episodes, 2007)" on the IMDb page for *Chuck*, available at https://www.imdb.com/title/tt0934814/fullcredits (last accessed July 19, 2022). Except as specifically alleged, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and on that basis deny them.

44.     Defendants allege that Anne Cofell Saunders is listed as "co-producer / producer (24 episodes, 2007 - 2009)" and "(written by) (2 episodes, 2007 - 2008)" on the IMDb page for *Chuck*, available at https://www.imdb.com/title/tt0934814/fullcredits (last accessed July 19, 2022). Except as specifically alleged, Defendants lack knowledge or information

1   sufficient to form a belief as to the truth of the allegations in Paragraph 44 and on

2   that basis deny them.

3       45.     Kripke admits that the pilot episode of the television show *Revolution*

4   was filmed in Atlanta, Georgia.  Except as specifically admitted, Kripke lacks

5   knowledge or information sufficient to form a belief as to the truth of the

6   allegations in Paragraph 45 and on that basis denies them.  SPE, SPT, and NBCU

7   lack knowledge or information sufficient to form a belief as to the truth of the

8   allegations in Paragraph 45 and on that basis deny them.

9       46.     Kripke admits Anne Cofell Saunders worked as a co-executive

10  producer of *Revolution* and a writer of some episodes.  Except as specifically

11  admitted and alleged, Kripke denies the allegations in Paragraph 46.  SPE, SPT,

12  and NBCU lack knowledge or information sufficient to form a belief as to the truth

13  of the allegations in Paragraph 46 and on that basis denies them.

14      47.     Kripke admits that Kripke and Eric Kripke were involved in the

15  creation and production of *Revolution*, but lacks knowledge or information

16  sufficient to form a belief as to the truth of the remaining allegations in Paragraph

17  47 and on that basis denies them.  NBCU denies that it produced *Revolution*, and

18  lacks knowledge or information sufficient to form a belief as to the truth of the

19  remaining allegations in Paragraph 47 and on that basis denies them.  SPE and SPT

20  lack knowledge or information sufficient to form a belief as to the truth of the

21  allegations in Paragraph 47 and on that basis denies them.

22      48.     Paragraph 48 does not contain a complete allegation.  To the extent a

23  response is required, Kripke admits that the pilot episode of the television show

24  *Revolution* was filmed in Atlanta, Georgia, but lacks knowledge or information

25  sufficient to form a belief as to the truth of any remaining allegations in Paragraph

26  48 and on that basis denies them.  SPE, SPT, and NBCU lack knowledge or

27  information sufficient to form a belief as to the truth of any allegations in

28  Paragraph 48 and on that basis deny them.

49.     Defendants allege that Matt Whitney is credited as "co-producer (10 episodes, 2012)" and "written by (3 episodes, 2012)" on the IMDb page for *Gossip Girl*, available at https://m.imdb.com/title/tt0397442/fullcredits (last accessed July 19, 2022).  Except as specifically alleged, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and on that basis deny them.

50.     Defendants allege that Fake Empire is credited as one of the "Production Companies" on the IMDb page for *Gossip Girl*, available at https://www.imdb.com/title/tt2318092/companycredits/ (last accessed July 19, 2022).  Except as specifically alleged, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and on that basis deny them.

51.     SPT and Kripke admit that Matt Whitney and Anne Cofell Saunders were producers and writers on certain episodes of *Timeless*.  SPT and Kripke incorporate and refer to *Timeless* episodes for an accurate record of the credits therein, and deny any allegations in Paragraph 51 inconsistent therewith.  SPE and NBCU lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and on that basis deny them.

52.     SPT and Kripke admit that Matt Whitney was credited as a supervising producer of certain episodes of *Timeless*.  SPT and Kripke incorporate and refer to *Timeless* episodes for an accurate record of the credits therein, and deny any allegations in Paragraph 52 inconsistent therewith.  SPE and NBCU lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and on that basis deny them.

53.     SPT and Kripke admit that Matt Whitney was credited as a supervising producer/co-executive producer of certain episodes of *Timeless*.  SPT and Kripke incorporate and refer to *Timeless* episodes for an accurate record of the credits therein, and deny any allegations in Paragraph 53 inconsistent therewith.

SPE and NBCU lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and on that basis deny them.

54. SPT and Kripke admit that Matt Whitney was credited as a writer or co-writer of certain episodes of *Timeless.* SPT and Kripke incorporate and refer to *Timeless* episodes for an accurate record of the credits therein, and deny any allegations in Paragraph 54 inconsistent therewith. SPE and NBCU lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and on that basis deny them.

55. SPT and Kripke admit that Anne Cofell Saunders was credited as a co-executive producer of certain episodes of *Timeless.* SPT and Kripke incorporate and refer to *Timeless* episodes for an accurate record of the credits therein, and deny any allegations in Paragraph 55 inconsistent therewith. SPE and NBCU lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and on that basis deny them.

56. SPT and Kripke admit that Anne Cofell Saunders was credited as a writer or co-writer of certain episodes of *Timeless.* SPT and Kripke incorporate and refer to *Timeless* episodes for an accurate record of the credits therein, and deny any allegations in Paragraph 56 inconsistent therewith. SPE and NBCU lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and on that basis deny them.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and on that basis deny them.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and on that basis deny them.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and on that basis deny them.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and on that basis deny them.

61.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and on that basis deny them.

62.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and on that basis deny them.

63.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and on that basis deny them.

64.    Kripke admits that Eric Kripke was involved in writing and developing the television series *Tarzan*, which first aired in 2003.  Except as expressly admitted, Kripke denies the allegations in Paragraph 64.  SPE, SPT, and NBCU lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and on that basis deny them.

65.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and on that basis deny them.

66.    SPT and Kripke admit the allegations in Paragraph 66.  SPE and NBCU lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and on that basis deny them.

67.    Kripke denies the allegations in Paragraph 67.  SPE, SPT, and NBCU lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and on that basis deny them.

68.    Kripke denies the allegations in Paragraph 68.  SPE, SPT, and NBCU lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and on that basis deny them.

69.    Paragraph 69 contains no factual allegations and therefore requires no response.  To the extent a response is required, Defendants admit that discovery will reveal that Defendants did not have access to *Shift*, *Chase*, and/or *Turn* at any relevant time.  Except as specifically admitted, Defendants deny the allegations in Paragraph 69.

## <u>INFRINGEMENT AND SUBSTANTIAL SIMILARITY</u>

70.     Defendants admit that they that they have never obtained a license to use *Shift*, *Chase*, and *Turn* for any purpose.  Except as specifically admitted, Defendants deny the allegations in Paragraph 70.

71.     Defendants deny the allegations in Paragraph 71.

72.     Defendants aver that the contents of *Shift*, *Chase*, and *Turn* speak for themselves.  Defendants incorporate and refer to the Copyright Office deposit copies of *Shift*, *Chase*, and *Turn* for a full and accurate record of their contents, and deny any allegations in Paragraph 72 inconsistent therewith.

73.     Defendants aver that Paragraph 73 refers to and purports to describe *Shift*, *Chase*, and/or *Turn*, the contents of which are set forth therein and speak for themselves.  Defendants incorporate and refer to the Copyright Office deposit copies of *Shift*, *Chase*, and *Turn* for a full and accurate record of their contents, and deny any allegations in Paragraph 73 inconsistent therewith.

74.     Defendants aver that Paragraph 74 refers to and purports to describe *Shift*, *Chase*, and *Turn*, the contents of which are set forth therein and speak for themselves.  Defendants incorporate and refer to the Copyright Office deposit copies of *Shift*, *Chase*, and *Turn* for a full and accurate record of their contents, and deny any allegations in Paragraph 74 inconsistent therewith.

75.     Defendants aver that Paragraph 75 refers to and purports to describe *Shift*, *Chase*, and *Turn*, the contents of which are set forth therein and speak for themselves.  Defendants incorporate and refer to the Copyright Office deposit copies of *Shift*, *Chase*, and *Turn* for a full and accurate record of their contents, and deny any allegations in Paragraph 75 inconsistent therewith.

76.     Defendants aver that the content of the television series *Timeless* speaks for itself.  Defendants incorporate and refer to *Timeless* for a full and accurate record of its content, and deny any allegations in Paragraph 76

1  inconsistent therewith, and further specifically deny that *Timeless* is substantially

2  similar in protected expression to any of Plaintiff's claimed works.

3      77.    Defendants aver that Paragraph 77 refers to and purports to describe

4  the television series *Timeless*, the content of which is set forth therein and speaks

5  for itself.  Defendants incorporate and refer to *Timeless* for a full and accurate

6  record of its content, and deny any allegations in Paragraph 77 inconsistent

7  therewith, and further specifically deny that *Timeless* is substantially similar in

8  protected expression to any of Plaintiff's claimed works.

9      78.    Defendants aver that Paragraph 78 refers to and purports to describe

10 the television series *Timeless*, the content of which is set forth therein and speaks

11 for itself.  Defendants incorporate and refer to *Timeless* for a full and accurate

12 record of its content, and deny any allegations in Paragraph 78 inconsistent

13 therewith, and further specifically deny that *Timeless* is substantially similar in

14 protected expression to any of Plaintiff's claimed works.

15     79.    Defendants aver that Paragraph 79 refers to and purports to describe

16 the television series *Timeless*, the content of which is set forth therein and speaks

17 for itself.  Defendants incorporate and refer to *Timeless* for a full and accurate

18 record of its content, and deny any allegations in Paragraph 79 inconsistent

19 therewith, and further specifically deny that *Timeless* is substantially similar in

20 protected expression to any of Plaintiff's claimed works.

21     80.    Defendants aver that the content of *Shift* speaks for itself.  Defendants

22 incorporate and refer to the Copyright Office deposit copy of *Shift* for a full and

23 accurate record of its content, and deny any allegations in Paragraph 80

24 inconsistent therewith.

25     81.    Defendants aver that the content of the television series *Timeless*

26 speaks for itself.  Defendants incorporate and refer to *Timeless* for a full and

27 accurate record of its content, and deny any allegations in Paragraph 81

28

inconsistent therewith, and further specifically deny that *Timeless* is substantially similar in protected expression to any of Plaintiff's claimed works.

82.     Defendants aver that the content of *Shift* speaks for itself.  Defendants incorporate and refer to the Copyright Office deposit copy of *Shift* for a full and accurate record of its content, and deny any allegations in Paragraph 82 inconsistent therewith.

83.     Defendants aver that the content of the episode of the television series *Timeless* referenced in Paragraph 83 speaks for itself.  Defendants incorporate and refer to the episode for a full and accurate record of its content, and deny any allegations in Paragraph 83 inconsistent therewith, and further specifically deny that *Timeless* is substantially similar in protected expression to any of Plaintiff's claimed works.

84.     Defendants aver that the content of *Shift* speaks for itself.  Defendants incorporate and refer to the Copyright Office deposit copy of *Shift* for a full and accurate record of its content, and deny any allegations in Paragraph 84 inconsistent therewith.

85.     Defendants aver that the content of the episode of the television series *Timeless* referenced in Paragraph 85 speaks for itself.  Defendants incorporate and refer to the episode for a full and accurate record of its content, and deny any allegations in Paragraph 85 inconsistent therewith, and further specifically deny that *Timeless* is substantially similar in protected expression to any of Plaintiff's claimed works.

86.     Defendants aver that the content of *Shift*, *Chase*, and *Turn* speaks for itself.  Defendants incorporate and refer to the Copyright Office deposit copies of *Shift*, *Chase*, and *Turn* for a full and accurate record of their contents, and deny any allegations in Paragraph 86 inconsistent therewith.

87.     Defendants aver that the content of the episode of the television series *Timeless* referenced in Paragraph 87 speaks for itself.  Defendants incorporate and

1  refer to the episode for a full and accurate record of its content, and deny any

2  allegations in Paragraph 87 inconsistent therewith, and further specifically deny

3  that *Timeless* is substantially similar in protected expression to any of Plaintiff's

4  claimed works.

5      88.      Defendants aver that the content of *Shift* speaks for itself.  Defendants

6  incorporate and refer to the Copyright Office deposit copy of *Shift* for a full and

7  accurate record of its content, and deny any allegations in Paragraph 88

8  inconsistent therewith.

9      89.      Defendants aver that the content of the episode of the television series

10 *Timeless* referenced in Paragraph 89 speaks for itself.  Defendants incorporate and

11 refer to the episode for a full and accurate record of its content, and deny any

12 allegations in Paragraph 89 inconsistent therewith, and further specifically deny

13 that Timeless is substantially similar in protected expression to any of Plaintiff's

14 claimed works.

15     90.      Defendants aver that the content of *Shift*, *Chase*, and *Turn* speaks for

16 itself.  Defendants incorporate and refer to the Copyright Office deposit copies of

17 *Shift*, *Chase*, and *Turn* for a full and accurate record of their contents, and deny any

18 allegations in Paragraph 90 inconsistent therewith.

19     91.      Defendants aver that the content of the episode of the television series

20 *Timeless* referenced in Paragraph 91 speaks for itself.  Defendants incorporate and

21 refer to the episode for a full and accurate record of its content, and deny any

22 allegations in Paragraph 91 inconsistent therewith, and further specifically deny

23 that *Timeless* is substantially similar in protected expression to any of Plaintiff's

24 claimed works.

25     92.      Defendants aver that the content of *Shift*, *Chase*, and *Turn* speaks for

26 itself.  Defendants incorporate and refer to the Copyright Office deposit copies of

27 *Shift*, *Chase*, and *Turn* for a full and accurate record of their contents, and deny any

28 allegations in Paragraph 92 inconsistent therewith.

Mitchell
Silberberg &
Knupp LLP

14381555.3/47852-00005

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

93.     Defendants aver that the content of the episodes of the television series *Timeless* referenced in Paragraph 93 speaks for itself.  Defendants incorporate and refer to the episodes for a full and accurate record of their content, and deny any allegations in Paragraph 93 inconsistent therewith, and further specifically deny that *Timeless* is substantially similar in protected expression to any of Plaintiff's claimed works.

94.     Defendants aver that the content of *Shift*, *Chase*, and *Turn* speaks for itself.  Defendants incorporate and refer to the Copyright Office deposit copies of *Shift*, *Chase*, and *Turn* for a full and accurate record of their contents, and deny any allegations in Paragraph 94 inconsistent therewith.

95.     Defendants aver that the contents of the episodes of the television series *Timeless* referenced in Paragraph 95 speaks for itself.  Defendants incorporate and refer to the episodes for a full and accurate record of their contents, and deny any allegations in Paragraph 85 inconsistent therewith, and further specifically deny that *Timeless* is substantially similar in protected expression to any of Plaintiff's claimed works.

96.     Defendants aver that the content of *Shift*, *Chase*, and *Turn* speaks for itself.  Defendants incorporate and refer to the Copyright Office deposit copies of *Shift*, *Chase*, and *Turn* for a full and accurate record of their contents, and deny any allegations in Paragraph 96 inconsistent therewith.

97.     Defendants aver that the content of the television series *Timeless* speaks for itself.  Defendants incorporate and refer to *Timeless* for a full and accurate record of its content, and deny any allegations in Paragraph 97 inconsistent therewith, and further specifically deny that *Timeless* is substantially similar in protected expression to any of Plaintiff's claimed works.

98.     Defendants aver that the content of *Shift*, *Chase*, and *Turn* speaks for itself.  Defendants incorporate and refer to the Copyright Office deposit copies of

1  *Shift*, *Chase*, and *Turn* for a full and accurate record of their contents, and deny any

2  allegations in Paragraph 98 inconsistent therewith.

3       99.    Defendants aver that the content of the episode of the television series

4  *Timeless* referenced in Paragraph 99 speaks for itself.  Defendants incorporate and

5  refer to the episode for a full and accurate record of its content, and deny any

6  allegations in Paragraph 99 inconsistent therewith, and further specifically deny

7  that *Timeless* is substantially similar in protected expression to any of Plaintiff's

8  claimed works.

9       100.  Defendants aver that the content of *Turn* speaks for itself.  Defendants

10  incorporate and refer to the Copyright Office deposit copy of *Turn* for a full and

11  accurate record of its content, and deny any allegations in Paragraph 100

12  inconsistent therewith.

13       101.  Defendants aver that the content of the episode of the television series

14  *Timeless* referenced in Paragraph 101 speaks for itself.  Defendants incorporate

15  and refer to the episode for a full and accurate record of its content, and deny any

16  allegations in Paragraph 101 inconsistent therewith, and further specifically deny

17  that *Timeless* is substantially similar in protected expression to any of Plaintiff's

18  claimed works.

19       102.  Defendants aver that the content of *Shift* speaks for itself.  Defendants

20  incorporate and refer to the Copyright Office deposit copy of *Shift* for a full and

21  accurate record of its content, and deny any allegations in Paragraph 102

22  inconsistent therewith.

23       103.  Defendants aver that the content of the episode of the television series

24  *Timeless* referenced in Paragraph 103 speaks for itself.  Defendants incorporate

25  and refer to the episode for a full and accurate record of its content, and deny any

26  allegations in Paragraph 103 inconsistent therewith, and further specifically deny

27  that *Timeless* is substantially similar in protected expression to any of Plaintiff's

28  claimed works.

104.   Defendants aver that the content of *Chase* speaks for itself. Defendants incorporate and refer to the Copyright Office deposit copy of *Chase* for a full and accurate record of its content, and deny any allegations in Paragraph 104 inconsistent therewith.

105.   Defendants aver that the content of the episode of the television series *Timeless* referenced in Paragraph 105 speaks for itself.  Defendants incorporate and refer to the episode for a full and accurate record of its content, and deny any allegations in Paragraph 105 inconsistent therewith, and further specifically deny that *Timeless* is substantially similar in protected expression to any of Plaintiff's claimed works.

106.   Defendants aver that the content of *Shift* speaks for itself.  Defendants incorporate and refer to the Copyright Office deposit copy of *Shift* for a full and accurate record of its content, and deny any allegations in Paragraph 106 inconsistent therewith.

107.   Defendants aver that the content of the episode of the television series *Timeless* referenced in Paragraph 107 speaks for itself.  Defendants incorporate and refer to the episode for a full and accurate record of its content, and deny any allegations in Paragraph 107 inconsistent therewith, and further specifically deny that *Timeless* is substantially similar in protected expression to any of Plaintiff's claimed works.

108.   Defendants aver that the contents of *Shift* and *Chase* speak for themselves.  Defendants incorporate and refer to the Copyright Office deposit copies of *Shift* and *Chase* for a full and accurate record of their contents, and deny any allegations in Paragraph 108 inconsistent therewith.

109.   Defendants aver that the content of the episode of the television series *Timeless* referenced in Paragraph 109 speaks for itself.  Defendants incorporate and refer to the episode for a full and accurate record of its content, and deny any allegations in Paragraph 109 inconsistent therewith, and further specifically deny

that *Timeless* is substantially similar in protected expression to any of Plaintiff's claimed works.

110.   Defendants aver that the content of *Shift* speaks for itself.  Defendants incorporate and refer to the Copyright Office deposit copy of *Shift* for a full and accurate record of its content, and deny any allegations in Paragraph 110 inconsistent therewith.

111.   Defendants aver that the content of the episode of the television series *Timeless* referenced in Paragraph 111 speaks for itself.  Defendants incorporate and refer to the episode for a full and accurate record of its content, and deny any allegations in Paragraph 111 inconsistent therewith, and further specifically deny that *Timeless* is substantially similar in protected expression to any of Plaintiff's claimed works.

112.   Defendants aver that the content of *Shift* speaks for itself.  Defendants incorporate and refer to the Copyright Office deposit copy of *Shift* for a full and accurate record of its content, and deny any allegations in Paragraph 112 inconsistent therewith.

113.   Defendants aver that the content of the episode of the television series *Timeless* referenced in Paragraph 113 speaks for itself.  Defendants incorporate and refer to the episode for a full and accurate record of its content, and deny any allegations in Paragraph 113 inconsistent therewith, and further specifically deny that *Timeless* is substantially similar in protected expression to any of Plaintiff's claimed works.

114.   Defendants aver that the content of *Shift*, *Chase*, and *Turn* speaks for itself.  Defendants incorporate and refer to the Copyright Office deposit copies of *Shift*, *Chase*, and *Turn* for a full and accurate record of their contents, and deny any allegations in Paragraph 114 inconsistent therewith.

115.   Defendants aver that the content of the television series *Timeless* speaks for itself.  Defendants incorporate and refer to *Timeless* for a full and

1    accurate record of its content, and deny any allegations in Paragraph 115
2    inconsistent therewith, and further specifically deny that *Timeless* is substantially
3    similar in protected expression to any of Plaintiff's claimed works.

4            116.   Defendants aver that the content of *Shift* speaks for itself.  Defendants
5    incorporate and refer to the Copyright Office copy of *Shift* for a full and accurate
6    record of its content, and deny any allegations in Paragraph 116 inconsistent
7    therewith

8            117.   Defendants aver that the content of the episode of the television series
9    *Timeless* referenced in Paragraph 117 speaks for itself.  Defendants incorporate
10   and refer to the episode for a full and accurate record of its content, and deny any
11   allegations in Paragraph 117 inconsistent therewith, and further specifically deny
12   that *Timeless* is substantially similar in protected expression to any of Plaintiff's
13   claimed works.

14           118.   Defendants aver that the content of *Turn* speaks for itself.  Defendants
15   incorporate and refer to the Copyright Office deposit copy of *Turn* for a full and
16   accurate record of its content, and deny any allegations in Paragraph 118
17   inconsistent therewith.

18           119.   Defendants aver that the content of the episode of the television series
19   *Timeless* referenced in Paragraph 119 speaks for itself.  Defendants incorporate
20   and refer to the episode for a full and accurate record of its content, and deny any
21   allegations in Paragraph 119 inconsistent therewith, and further specifically deny
22   that *Timeless* is substantially similar in protected expression to any of Plaintiff's
23   claimed works.

24           120.   Defendants aver that the content of *Turn* speaks for itself.  Defendants
25   incorporate and refer to the Copyright Office deposit copy of *Turn* for a full and
26   accurate record of its content, and deny any allegations in Paragraph 120
27   inconsistent therewith.

28

121.   Defendants aver that the contents of the episodes of the television series *Timeless* referenced in Paragraph 121 speaks for themselves.  Defendants incorporate and refer to the episodes for a full and accurate record of their contents, and deny any allegations in Paragraph 121 inconsistent therewith, and further specifically deny that *Timeless* is substantially similar in protected expression to any of Plaintiff's claimed works.

122.   Defendants aver that the content of *Chase* speaks for itself. Defendants incorporate and refer to the Copyright Office deposit copy *Chase* for a full and accurate record of its content, and deny any allegations in Paragraph 122 inconsistent therewith.

123.   Defendants aver that the contents of the episodes of the television series *Timeless* referenced in Paragraph 123 speaks for themselves.  Defendants incorporate and refer to the episodes for a full and accurate record of their contents, and deny any allegations in Paragraph 123 inconsistent therewith, and further specifically deny that *Timeless* is substantially similar in protected expression to any of Plaintiff's claimed works.

124.   Defendants aver that the content of *Shift* speaks for itself.  Defendants incorporate and refer to the Copyright Office deposit copy of *Shift* for a full and accurate record of its content, and deny any allegations in Paragraph 124 inconsistent therewith.

125.   Defendants aver that the content of the episode of the television series *Timeless* referenced in Paragraph 125 speaks for itself.  Defendants incorporate and refer to the episode for a full and accurate record of its content, and deny any allegations in Paragraph 125 inconsistent therewith, and further specifically deny that *Timeless* is substantially similar in protected expression to any of Plaintiff's claimed works.

126.   Defendants aver that the content of *Shift* speaks for itself.  Defendants incorporate and refer to the Copyright Office deposit copy of *Shift* for a full and

1  accurate record of its content, and deny any allegations in Paragraph 126

2  inconsistent therewith.

3        127.   Defendants aver that the content of the episode of the television series

4  *Timeless* referenced in Paragraph 127 speaks for itself.  Defendants incorporate

5  and refer to the episode for a full and accurate record of its content, and deny any

6  allegations in Paragraph 127 inconsistent therewith, and further specifically deny

7  that *Timeless* is substantially similar in protected expression to any of Plaintiff's

8  claimed works.

9        128.   Defendants aver that the content of *Chase* speaks for itself.

10  Defendants incorporate and refer to the Copyright Office deposit copy of *Chase* for

11  a full and accurate record of its content, and deny any allegations in Paragraph 128

12  inconsistent therewith.

13        129.   Defendants aver that the content of the episode of the television series

14  *Timeless* referenced in Paragraph 129 speaks for itself.  Defendants incorporate

15  and refer to the episode for a full and accurate record of its content, and deny any

16  allegations in Paragraph 129 inconsistent therewith, and further specifically deny

17  that *Timeless* is substantially similar in protected expression to any of Plaintiff's

18  claimed works.

19        130.   Defendants aver that the content of *Chase* speaks for itself.

20  Defendants incorporate and refer to the Copyright Office deposit copy of *Chase* for

21  a full and accurate record of its content, and deny any allegations in Paragraph 130

22  inconsistent therewith.

23        131.   Defendants aver that the content of the episode of the television series

24  *Timeless* referenced in Paragraph 131 speaks for itself.  Defendants incorporate

25  and refer to the episode for a full and accurate record of its content, and deny any

26  allegations in Paragraph 131 inconsistent therewith, and further specifically deny

27  that *Timeless* is substantially similar in protected expression to any of Plaintiff's

28  claimed works.

132.   Defendants aver that the content of *Shift* speaks for itself.  Defendants incorporate and refer to the Copyright Office deposit copy of *Shift* for a full and accurate record of its content, and deny any allegations in Paragraph 132 inconsistent therewith.

133.   Defendants aver that the content of the episode of the television series *Timeless* referenced in Paragraph 133 speaks for itself.  Defendants incorporate and refer to the episode for a full and accurate record of its content, and deny any allegations in Paragraph 133 inconsistent therewith, and further specifically deny that *Timeless* is substantially similar in protected expression to any of Plaintiff's claimed works.

134.   Defendants aver that the content of *Turn* speaks for itself.  Defendants incorporate and refer to the Copyright Office deposit copy of *Turn* for a full and accurate record of its content, and deny any allegations in Paragraph 134 inconsistent therewith.

135.   Defendants aver that the content of the episode of the television series *Timeless* referenced in Paragraph 135 speaks for itself.  Defendants incorporate and refer to the episode for a full and accurate record of its content, and deny any allegations in Paragraph 135 inconsistent therewith, and further specifically deny that *Timeless* is substantially similar in protected expression to any of Plaintiff's claimed works.

136.   Defendants aver that the content of *Chase* speaks for itself. Defendants incorporate and refer to the Copyright Office deposit copy of *Chase* for a full and accurate record of its content, and deny any allegations in Paragraph 136 inconsistent therewith.

137.   Defendants aver that the content of the episode of the television series *Timeless* referenced in Paragraph 137 speaks for itself.  Defendants incorporate and refer to the episode for a full and accurate record of its content, and deny any allegations in Paragraph 137 inconsistent therewith, and further specifically deny

that *Timeless* is substantially similar in protected expression to any of Plaintiff's claimed works.

138.   Defendants aver that the content of *Chase* speaks for itself. Defendants incorporate and refer to the Copyright Office deposit copy of *Chase* for a full and accurate record of its content, and deny any allegations in Paragraph 138 inconsistent therewith.

139.   Defendants aver that the content of the episode of the television series *Timeless* referenced in Paragraph 139 speaks for itself.  Defendants incorporate and refer to the episode for a full and accurate record of its content, and deny any allegations in Paragraph 139 inconsistent therewith, and further specifically deny that *Timeless* is substantially similar in protected expression to any of Plaintiff's claimed works.

140.   Defendants aver that the content of *Shift* speaks for itself.  Defendants incorporate and refer to the Copyright Office deposit copy of *Shift* for a full and accurate record of its content, and deny any allegations in Paragraph 140 inconsistent therewith.

141.   Defendants aver that the content of the episode of the television series *Timeless* referenced in Paragraph 141 speaks for itself.  Defendants incorporate and refer to the episode for a full and accurate record of its content, and deny any allegations in Paragraph 141 inconsistent therewith, and further specifically deny that *Timeless* is substantially similar in protected expression to any of Plaintiff's claimed works.

142.   Defendants aver that the content of *Shift* speaks for itself.  Defendants incorporate and refer to the Copyright Office deposit copy of *Shift* for a full and accurate record of its content, and deny any allegations in Paragraph 142 inconsistent therewith.

143.   Defendants aver that the content of the episode of the television series *Timeless* referenced in Paragraph 143 speaks for itself.  Defendants incorporate

1   and refer to the episode for a full and accurate record of its content, and deny any

2   allegations in Paragraph 143 inconsistent therewith, and further specifically deny

3   that *Timeless* is substantially similar in protected expression to any of Plaintiff's

4   claimed works.

5        144.   Defendants aver that the content of *Chase* speaks for itself.

6   Defendants incorporate and refer to the Copyright Office deposit copy of *Chase* for

7   a full and accurate record of its content, and deny any allegations in Paragraph 144

8   inconsistent therewith.

9        145.   Defendants aver that the content of the episode of the television series

10  *Timeless* referenced in Paragraph 145 speaks for itself.  Defendants incorporate

11  and refer to the episode for a full and accurate record of its content, and deny any

12  allegations in Paragraph 145 inconsistent therewith, and further specifically deny

13  that *Timeless* is substantially similar in protected expression to any of Plaintiff's

14  claimed works.

15       146.   Defendants aver that the content of *Shift*, *Chase*, and *Turn* and of

16  television series *Timeless* speak for themselves.  Defendants incorporate and refer

17  to the Copyright Office deposit copies of *Shift*, *Chase*, and *Turn* and *Timeless* for a

18  full and accurate record of their contents, and deny any allegations in Paragraph

19  146 and Exhibit 2 inconsistent therewith.  Except as expressly averred, Defendants

20  deny the allegations in Paragraph 146 and Exhibit 2, and specifically deny that

21  Exhibit 2 properly analyzes or compares the respective works under the Ninth

22  Circuit's extrinsic test.  Defendants further specifically deny that *Timeless* or any

23  episode thereof is substantially similar in protected expression to any of Plaintiff's

24  claimed works.

25       147.   Defendants aver that the contents of *Shift*, *Chase*, and *Turn*, *Timeless*,

26  and the "other time travel genre works" referenced in Paragraph 147 speak for

27  themselves.  Defendants incorporate and refer to those works for a full and

28  accurate record of their contents, and deny any allegations in Paragraph 146 and

Exhibit 3 inconsistent therewith.  Except as expressly averred, Defendants deny the allegations in Paragraph 147, and specifically denies that Exhibit 3 properly analyzes or compares the respective works under the Ninth Circuit's extrinsic test. Defendants further specifically deny that *Timeless* or any episode thereof is substantially similar in protected expression to any of Plaintiff's claimed works.

148.   Defendants admit that Exhibit 4 to the FAC purports to be a copy of the Complaint filed in *Onza Partners SL v. Sony Pictures Entertainment, Inc., et al*, Case No. 2:16-cv-7269 (C.D. Cal.).  Defendants incorporate and refer to such Complaint for a full and accurate statement of its contents and deny all allegations in Paragraph 148 inconsistent therewith.

149.   Defendants deny the allegations in Paragraph 149.

## COUNT I COPYRIGHT INFRINGEMENT

150.   Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 149 of the FAC as if fully set forth herein.

151.   The allegations in Paragraph 151 contain legal conclusions as to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and on that basis deny them.

152.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and on that basis deny them.

153.   Defendants deny the allegations in Paragraph 153.

154.   The allegations in Paragraph 154 contain legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 154.

155.   Defendants deny the allegations in Paragraph 155.

156.   Defendants deny the allegations in Paragraph 156.

157.   Defendants deny the allegations in Paragraph 157.

1    The Prayer for Relief set forth in the FAC contains no factual allegations and

2  therefore requires no response.  To the extent a response is required, Defendants

3  deny the allegations in the Prayer for Relief and specifically deny that Plaintiff is

4  entitled to any relief.

5                              **JURY DEMAND**

6    The jury demand set forth in the FAC contains no factual allegations and,

7  therefore, does not require a response.  To the extent a response is required,

8  Defendants admits that Plaintiff has requested that this case be tried to a jury on all

9  issues so triable.

10                  **DEFENDANTS' AFFIRMATIVE DEFENSES**

11    As separate and distinct affirmative defenses to Plaintiff's alleged claim for

12  relief, Defendants allege the following without admission that such allegations are

13  affirmative defenses on which Defendants bear the burden of proof:

14                     **FIRST AFFIRMATIVE DEFENSE**

15                         (No Substantial Similarity)

16    1.    The FAC is barred, in whole or in part, because there is no substantial

17  similarity in protected expression between Plaintiff's claimed works and the

18  television series *Timeless*.

19                   **SECOND AFFIRMATIVE DEFENSE**

20                        (Unprotectable Elements)

21    2.    The FAC is barred, in whole or in part, because to the extent

22  Plaintiff's alleged works and the television series *Timeless* contain any similar

23  elements, those elements are not protectable by copyright, including because they

24  lack originality, are scène à faire, are derived from a common pre-existing source,

25  are otherwise in the public domain, or constitute ideas.

26

27

28

1

## THIRD AFFIRMATIVE DEFENSE

2

(No Access; No Involvement in *Timeless*)

3    3.    The FAC is barred, in whole or in part, because Defendants did not

4  have access to Plaintiff's claimed work at any relevant time.

5

## FOURTH AFFIRMATIVE DEFENSE

6

(SPE/NBCU Lack of Involvement in *Timeless*)

7    4.    The FAC against SPE and NBCU is barred, in whole or in part,

8  because SPE and NBCU did not produce or distribute *Timeless*.

9

## FIFTH AFFIRMATIVE DEFENSE

10

(Independent Creation)

11    5.    The FAC is barred, in whole or in part, because the television series

12  *Timeless* was independently created and developed.

13

## SIXTH AFFIRMATIVE DEFENSE

14

(De Minimis)

15    6.    The FAC is barred, in whole or in part, to the extent any protectable

16  expression from Plaintiff's claimed works is used in the television series *Timeless*

17  (which Defendants deny), such use is *de minimis* and not actionable.

18

## SEVENTH AFFIRMATIVE DEFENSE

19

(Fair Use)

20    7.    The FAC is barred, in whole or in part, because, to the extent any

21  protectable expression from Plaintiff's claimed works is used in the television

22  series *Timeless* (which Defendants deny), such use is fair and not actionable.

23

## EIGHTH AFFIRMATIVE DEFENSE

24

(Laches)

25    8.    The FAC is barred, in whole or in part, by the doctrine of laches

26  because Plaintiff knowingly delayed for an unreasonable period of time, under

27  circumstances permitting and requiring diligence, to assert his alleged claim

28  against Defendants, to the substantial detriment and prejudice of Defendants.

Mitchell
Silberberg &
Knupp LLP

14381555.3/47852-00005

29

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

## NINTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

9.     The FAC is barred, in whole or in part, by the Copyright Act's statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

(Lack of Willfulness)

10.     Defendants have not willfully infringed any alleged right provided to Plaintiff under the Copyright Act.

## ELEVENTH AFFIRMATIVE DEFENSE

(Good Faith)

11.     To the extent Defendants engaged in any act alleged by Plaintiff, they did so innocently and in good faith.

## TWELFTH AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

12.     Plaintiff's request for injunctive relief is barred because Plaintiff has an adequate remedy at law.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Statutory Damages)

13.     Plaintiff's request for statutory damages under the Copyright Act is barred by 17 U.S.C. § 412 because the alleged infringement commenced more than three months after the first publication of "*The Chronoshift Trilogy*" and before the effective date of its alleged registrations.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Attorneys' Fees)

14.     Plaintiff's request for attorneys' fees and costs is barred because Plaintiff has not alleged any basis on which attorneys' fees and costs are recoverable.  To the extent Plaintiff's request for attorneys' fees and costs is made pursuant to the Copyright Act, 17 U.S.C. § 505, Plaintiff's request is barred by 17

U.S.C. § 412 because the alleged infringement commenced more than three months after the first publication of "*The Chronoshift Trilogy*" and before the effective date of its alleged registrations.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Acts/Omissions of Others)

15.    Plaintiff's alleged damages, if any, are due solely to the acts and/or omissions of third parties who are independent from, and whose acts and/or omissions are not attributable to, Defendants. The relief, if any, to which Plaintiff allegedly is entitled must be reduced or apportioned to the extent that such third parties' acts and/or omissions contributed to Plaintiff's alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

16.    Plaintiff has failed to make reasonable efforts to protect his alleged works and mitigate the alleged damages.  The relief, if any, to which Plaintiff allegedly is entitled must be reduced by the extent of his failure to mitigate.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

17.    Plaintiff's claim is barred, in whole or in part, on the ground that Plaintiff would be unjustly enriched if he were granted the relief sought.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Extraterritoriality)

18.    Plaintiff's claim is barred to the extent that it is based on acts that occurred outside of the United States because the Copyright Act does not have extraterritorial application.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Invalid Copyright Registration)

19.    The FAC is barred, in whole or in part, because it is based on the alleged infringement of works for which a valid and enforceable copyright

registration does not exist and/or for which the alleged copyright registration contains materially false and/or inaccurate information.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unclean Hands)

20.     The FAC is barred, in whole or in part, as a result of Plaintiff's unclean hands.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Estoppel; Waiver)

21.     Plaintiff has, through his own actions, conduct, and/or omissions, is estopped from maintain the FAC or has waived a right to relief, in whole or in part.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Authorization, License, Acquiescence, Ratification, Consent)

22.     Without admitting that authorization, permission, or consent was required, to the extent any of the acts alleged in the FAC occurred, the FAC is barred, in whole or in part, because those acts were authorized, acquiesced in, ratified, or consented to by Plaintiff.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants expressly reserve the right to assert and rely upon additional affirmative defenses that become available or known during the course of this action, through discovery or otherwise.

WHEREFORE, Defendants pray:

1.     That Plaintiff take nothing by the First Amended Complaint, and that the First Amended Complaint, and each claim for relief therein, be dismissed with prejudice;

2.     For Defendants' reasonable attorneys' fees and costs incurred herein pursuant to 17 U.S.C. § 505; and

1    3.    For such other relief as the Court deems just and proper.

2

3    DATED: July 26, 2022                MITCHELL SILBERBERG & KNUPP LLP

4

5                                        By:   /s/ Elaine K. Kim
                                               Elaine K. Kim
6                                              Attorneys for Defendants
                                               Sony Pictures Entertainment Inc., Sony
7                                              Pictures Television Inc., NBCUniversal
                                               Media, LLC, and Kripke Enterprises
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

14381555.3/47852-00005

33

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**